New Orleans & N. E. R. Co. *v.* Snelgrove.*

(Division B. Dec. 12, 1927. Suggestion of Error Overruled, Jan. 9, 1928.)

[115 So. 394.    No. 26753.]

1. Death. *Fifty thousand dollars for death of railroad brakeman, forty-one years old, leaving widow wholly dependent, married daughter, and nineteen year old son, held excessive by twenty-*

*two thousand five hundred dollars (Federal Employers' Liability Act.)*

Verdict of fifty thousand dollars in action under Federal Employers' Liability Act for death of railroad brakeman, who was forty-one years old, was earning one hundred eighty to one hundred ninety dollars per month, and left surviving him his wife, thirty-six years old, wholly dependent on him for support, a married daughter, not dependent, and a son nineteen years old, and who had an expectancy of approximately twenty-seven years, *held* excessive by twenty-two thousand five hundred dollars.

ON SUGGESTION OF ERROR.

2. CONSTITUTIONAL LAW. *Failure to remand cause for new trial, on issue of liability as well as of damages, on holding verdict excessive, was not denial of due process and equal protection. (Const. U. S. Amend. 14).*

Supreme court having held that verdict was excessive, showing it was result of passion or prejudice, failure to reverse entire judgment and remand cause for another trial on both questions of liability and damages did not amount to denial of due process and equal protection of law, in violation of Constitution, United States Amendment 14, where there was ample evidence to support finding on liability, since question of liability and question of damages are two distinct issues, and besides, when case is remanded to be retired on question of damages, all issues having bearing on question are retried, including negligence and contributory negligence.

---

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 1239, n. 79; Death, 17VJ, p. 1350, n. 6. As to excessiveness of verdict in actions for personal injuries resulting in death, see annotations in L. R. A. 1915F, 30; 48 A. L. R. 817.

APPEAL from circuit court, of Lauderdale county.

HON. J. D. FATHEREE, Judge.

Action by Mrs. Janie D. Snelgrove, administratrix of the estate of S. A. Snelgrove, against the New Orleans & Northeastern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed, with remittitur; otherwise, reversed.

The statement of the case follows:

Appellee, as plaintiff, instituted this action in the circuit court of Lauderdale county, against appellant, as defendant, under the Federal Employers' Liability Act. S. A. Snelgrove, a railroad brakeman of the defendant company, while in the performance of his duties, was fatally injured during a switching movement of a local freight train at Enterprise, Miss., on February 19, 1926, while the defendant was engaged at the time in interstate commerce. Snelgrove was caught between two cars moving in the same direction on tracks leading towards a switch, and was crushed through the chest and body, and died the same day in a hospital at Meridian, after several hours of conscious pain and suffering.

At the time of his fatal injuries the deceased was forty-one years of age, in good health, a railroad man by profession, was earning from one hundred eighty dollars to one hundred ninety dollars per month, and had been regularly employed by the defendant company for nine or ten years. He left surviving him his wife, appellee herein, and two children, one a married daughter, not dependent upon her father, and the other a boy nineteen years of age. The widow was thirty-six years old at the time of his death, and wholly dependent upon her husband for support and maintenance. The deceased, with his family, lived in a rented home in the city of Meridian. Out of his earnings he expended about twenty-five dollars per month for his own benefit, and the balance was consumed in the payment of rent and living expenses for himself, his wife, and minor son, and he occasionally contributed something to his married daughter. He had an expectancy of approximately twenty-seven years. There was a verdict and judgment for appellee of fifty thousand dollars. One of the several assignments of error, and the only one discussed in the opinion of the court, is based upon the contention that the verdict is grossly excessive, and manifestly based upon passion and prejudice of the jury.

Editor's Note:  Messrs. *Bozeman & Cameron* filed an elaborate brief for the appellant on many assignments of error, but the only point discussed in the opinion of the court is the excessive verdict.  Their observations on this assignment of error are in brief as follows:

The verdict of the jury, fifty thousand dollars, is grossly excessive and manifestly based upon the passion and prejudice of the jury, and not upon the testimony and was manifestly returned under the influence of the juror Brown erroneously permitted to sit in this case.

If by any chance this court shall fail to sustain our contention that no actionable negligence has been proven, or our contention that Snelgrove assumed the risk of his injury; still, it must be apparent from the testimony that Snelgrove was guilty of gross contributory negligence, and that for this and other reasons the verdict is grossly excessive.

The maximum wages that Snelgrove was earning at the peak of his earning capacity—forty-one years of age (p. 121) was one hundred sixty to one hundred eighty dollars per month (p. 127) out of which he used about twenty-five dollars per month for his own benefit (p. 132) and out of the balance—say one hundred fifty dollars average—he paid the rent and household expenses for his wife and his minor son and contributed something to a married daughter.  It would be favorable to plaintiff to assume that one-third of this amount was necessary for Snelgrove himself and that the widow and practically grown children received the benefit of the remaining two-thirds, being one hundred dollars per month, or twelve hundred dollars per annum.

Certainly Snelgrove's activity and earning capacity in the hazardous employment of a railroad brakeman could not have extended much beyond the age of fifty years—some ten years—and it must have gradually diminished as he grew older and these facts should not have been ignored in returning the verdict.

The sum of twenty thousand dollars invested at six per cent would have produced an annual income—the full expectancy—of twelve hundred dollars a year for the beneficiaries for the life of the beneficiaries without diminution of the principal.

But under the Federal rule and Act it is only the present cash value of the reasonable expectation of pecuniary advantage to the beneficiary while dependant, and this would be less than the gross sum which put out at interest would produce the annual income without diminution of the principal. There is no proof in the record of the expectancy of Snelgrove, and that even is left speculative. Certainly the present cash value of the pecuniary loss was much less than twenty thousand dollars.

It is true that under the Federal Act recovery may also be had for conscious pain and suffering. While there is testimony that Snelgrove gave some manifestations of suffering during the ten hours that he lived after the injury, still it is also in evidence that Snelgrove suffered such a profound shock at the time of injury that it not only stopped his bleeding, but mercifully dulled his sense of suffering and pain. And in addition thereto the record shows that he was under the constant care of physicians, who administered to him such opiates as were necessary to relieve his suffering. Taking into consideration all these facts, and the contributory negligence of Snelgrove shown by the record, we submit that the verdict, if by any possibility it can stand at all, is grossly excessive in amount and that the judgment thereon should be reversed.

*C. B. Cameron* and *Reily & Parker,* for appellee.

Frankness and candor requires us to admit that a large verdict was returned in this cause; in fact, this verdict is the largest personal injury award known to the jurisprudence of this county.

Two elements of damages were involved, namely: 1. The present value of the pecuniary loss to wife and minor child of the deceased. 2. Recovery for conscious pain and suffering endured by deceased from time of injury to death.

Snelgrove was a valued employee of the appellant; he left surviving him a widow and two children—one a girl, but married and non-dependent upon her father; the other a boy, nineteen years of age at the time of the death of his father and dependent upon him. The wife was thirty-six years old at the time of his death, and wholly dependent upon her husband for the necessities and comforts of life. Snelgrove was forty-one years, and three months old at the time of his death and in perfect health.

He was a railroad man by profession, and had served the appellant well in his line of duty. He made the supreme sacrifice while endeavoring to earn and stipend allowed by appellant of approximately one hundred eighty to one hundred ninety dollars per month. He had worked regularly for this appellant for nine or ten years, and by common knowledge apparently was eligible for promotion at higher rate of pay.

His personal expenditures are conclusively shown to have been approximately twenty-five dollars per month; the balance of his earnings were delivered to his wife on each pay day, and consumed in the support of his wife and home, including his children.

They lived in a rented house in the city of Meridian, for which twenty-three dollars was paid monthly. The deceased carried his lunch out on the road with him, and would not eat his dinner until he returned from Hattiesburg about two-thirty or three o'clock in the afternoon. This man slept in his caboose on the other end of the line. These incidents reflect the frugality of the deceased, and shed light on his personal expenditures and habits.

The average expectancy of a man forty-one years old as told us by American Experience Mortality tables is approximately twenty-seven years. Figure wages for deceased at one hundred eighty dollars per month and deduct therefrom twenty-five dollars per month for personal living expenses, an earning of one hundred fifty-five dollars accruing to dependents remains, or a total of eighteen hundred sixty dollars for one year.

To this amount must be added an allowance for the conscious pain and suffering of deceased endured for approximately ten or eleven hours prior to death.

This last item of damages have been heretofore commented on by this court in the following cases: *Railroad Company* v. *Wallace* (1907), 91 Miss. 492—a thirty thousand-dollar verdict permitted to stand. Man twenty-six years old, earning only seventy-five to ninety dollars per month. In this case the supreme court of Mississippi quoted from the case of *Hardy* v. *N. O. R. R. Co.,* 88 Miss. 732, 41 So. 505. *Easterling Lbr. Co.* v. *Pierce* (1914), 106 Miss. 672—a verdict for seventeen thousand five hundred dollars foot and ankle and leg crushed. Twenty-nine years of age—earning seventy-five dollars per month. *Miss. Central R. R. Co.* v. *Lott* (1918), 118 Miss. 816—a verdict for twenty thousand dollars. We refer to the ever decreasing purchase power of the dollar.

Legislation of recent years has lent an ear to the ever increasing cost of living; our own lawmakers recognized the full force and effect of this condition and gave relief to our public officials in increased salaries. The judiciary has observed this change in our organic life and has given public recognition of its existence. *Railroad Company* v. *Williams,* 103 Ala. 138, 62 So. 679.

As an evidence of the action of courts to permit larger verdicts than formerly to stand, occasioned by the high cost of living and low purchase ability of a dollar, we call to your mind, the case of *R. R. Co.* v. *Miller,* from Ohio, 140 N. E. 617, where a seventy-five thousand-dol-

lar award for loss of both legs was approved and permitted to stand. Other cases could be cited.

This case is tried under Federal legislation, and it should be persuasive that the practice in Federal courts of appellate jurisdiction universally approve the finding by jury of amount and consistently ignore repeated requests to interfere with the size of a verdict.

We are not unmindful of the rule that if verdict is shown by the record to have been the result of prejudice and passion, then it will be held to be excessive.

### On Suggestion of Error.

*Bozeman & Cameron,* for appellant.

Appellant respectfully suggests that this Honorable Court erred in the judgment rendered herein affirming the judgment of the court below in the amount of twenty-seven thousand five hundred dollars, in the following particulars:

1. The verdict of the jury, being based upon passion or prejudice on the part of the jury, was necessarily not the result of a fair consideration by an impartial jury of the testimony and of the instructions given to the jury by the court below, and this Honorable Court erred in holding the said verdict to be valid in any part and in affirming the judgment of the court below rendered thereon in any particular, and especially as to liabilty; and this court further erred in rendering against this appellant, upon the basis and faith of such verdict, its judgment in the amount of twenty-seven thousand five hundred dollars.

The said verdict being manifestly the result of passion and prejudice on the part of the jury, was not a legal or proper verdict in any particular against the appellant under the Federal Employers' Liability Act, which controls in this case, and the rendition by this Honorable Court of said judgment for twenty-seven

thousand five hundred dollars against this appellant upon the basis and faith of such a verdict is in violation of, and denies to this appellant the rights claimed by it under the said Federal Employers' Liability Act.

2.   The rendition by this Honorable Court of the said judgment upon such verdict deprives this appellant of its property without due process of law and denies to appellant the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States.

Appellant further respectfully suggests that this court erred in holding that there was no reversible error in the trial of the case, except the action of the court in overruling appellant's motion for a new trial upon the ground that the verdict was excessive.

And this appellant again suggests that the several errors assigned and specified by the appellant in its original assignment of errors were in fact reversible errors under the Federal Employers' Liability Act, which controls in this case, and that this court erred in rendering said judgment against this appellant notwithstanding the said errors, and thereby denied to this appellant the rights given it by said Federal Employers' Liability Act.

Argued orally by *A. S. Bozeman,* for appellant, and *Chas. B. Cameron,* for appellee.

Anderson, J., delivered the opinion of the court.

There was a verdict and judgment in this case for the sum of fifty thousand dollars.

We are of opinion that no reversible error occurred in the trial of the cause, except the action of the court in overruling appellant's motion for a new trial upon the ground that the verdict was excessive.   The verdict is so large that, in our opinion, it was the result of passion or prejudice on the part of the jury.   Viewing un-

der the evidence the conscious pain and suffering endured by the deceased, in connection with the pecuniary loss suffered by his dependents on account of his death, in the most favorable light to them, we think twenty-seven thousand five hundred dollars would be full compensation therefor. Any sum above that amount, under the undisputed facts of this case, it seems would be shocking to the nelightened conscience.

Unless the appellee shall, within ten days after this opinion goes down, enter a *remittitur* in the sum of twenty-two thousand five hundred dollars, the judgment will be reversed, and the cause remanded for a new trial on the question of damages alone. On the other hand, if such *remittitur* is entered, the judgment will be affirmed, as so reduced.

*Affirmed, with remittitur; otherwise, reversed.*

### On Suggestion of Error.

One of the grounds of appellant's suggestion of error is that, the court having held that the verdict of the jury was the result of passion or prejudice, the failure of the court to reverse the entire judgment and remand the cause for another trial, on both the question of liability and the question of damages, amounts to a denial to appellant of due process of law and equal protection of the law, in violation of the Fourteenth Amendment to the Federal Constitution. Appellant's position is that, the jury having been swayed by passion or prejudice in fixing the amount of their verdict, they were necessarily likewise influenced in determining the question of liability, and it follows that the verdict and judgment both are the result of passion or prejudice on the part of the jury, and that such a verdict and judgment deny to appellant due process and the equal protection of the law, in violation of the Fourteenth Amendment to the Federal Constitution.

We do not think appellant's position is sound. The question of liability and the question of damages are

two separate, distinct, issues. It is reasonably conceivable that the jury might have approached the question of liability with entire impartiality, and decided that issue according to the law and the evidence, and, on the other hand, when they reached the question of .damages to be awarded, were unduly influenced by the extreme suffering of the deceased and sympathy for his wife and children on account of their loss. And this view is borne out by the record in this case. There was ample evidence to support the finding of the jury on the question of liability. There is nothing to show that, in determining that question, the jury were influenced by any other consideration than the evidence and the governing principles of law. On the other hand, from a consideration of all the elements of·damages the jury were authorized to take into account in fixing the amount of their verdict, it is manifest that the verdict is so large that it could not have been the result of anything except passion or prejudice, or undue influence, which amounts to the same thing.

Appellant refers to the case of *Railroad Co.* v. *Ferebee,* 238 U. S. 269, 35 S. Ct. 781, 59 L. Ed. 1303, as adversely criticizing the practice of reversing cases to be retried upon questions of damages only. In discussing this question in that case, the supreme court of the United States said in part:

''The jury found for the plaintiff; the amount being somewhat larger than that named in the first verdict. The judgment thereon was affirmed. 167 N. C. 290, 83 S. E. 360. The company then brought the case here by writ of error, in which it contends that it was error for the supreme court to grant a partial new trial, in which the question of damages only could be considered, inasmuch as the Employers' Liability Act entitles the defendant in all cases to prove contributory negligence in mitigation of damages. On the other hand, the defendant in error contends that the question as to whether there should have been a partial new trial was a matter

of procedure, to be governed by the practice of the state of North Carolina. But a substantive right or defense arising under the Federal law cannot be lessened or destroyed by a rule of practice. Damages and contributory negligence are so blended and interwoven, and the conduct of the plaintiff at the time of the accident is so important a matter in the assessment of damages, that the instances would be rare in which it would be proper to submit to a jury the question of damages, without also permitting them to consider the conduct of the plaintiff at the time of the injury.

"But this record, in connection with the special finding first verdict, shows that in this case the two matters were in fact separable, so that the splitting up of the issues and granting a partial new trial did not in this particular instance operate to deprive the defendant of a Federal right; for it appears that Ferebee had nothing to do with the loss of the steps and was not guilty of contributory negligence in failing to see that they were missing. His conduct at the time of his fall could not, therefore, affect the amount of the verdict, so that it was possible, on the second trial, to award damages without considering the conduct of the plaintiff, or retrying the question of contributory negligence."

We do not think the practice of partial reversal of judgments in this state comes within the criticism of the supreme court of the United States in that case. Under our practice, when a cause is reversed and remanded, to be retried upon a question of damages alone, all issues having a bearing on that question are retried, including the negligence and contributory negligence of plaintiff and defendant, respectively.

We do not think there is sufficient merit in the other grounds of the suggestion of error to call for a discussion by the court.

*Overruled.*