St. Louis-San Francisco Ry. Co. v. Bridges.

(Division A. Nov. 24, 1930. Suggestion of Error Overruled, January 5, 1931.)

[131 So. 98. No. 28909.]

**D. W. Houston, Sr.** and **Jr.,** of Aberdeen, **E. T. Miller,** of St. Louis, Mo., and **J. W. Canada,** of Memphis, Tenn., for appellant.

Geo. **T. Mitchell,** of Tupelo, for appellee.

Lake Hays, of Memphis, Tenn., for appellee.

McGowen, J., delivered the opinion of the court.

This is the second appeal of this case. The first appeal was reported in 156 Miss. 206, 125 So. 423. The judgment of lower court on that appeal was strictly in conformity with the directions of this court contained in the opinion.

When the mandate of this court reached the lower court, it exercised option 1 contained in the opinion and set forth in the judgment of this court, and entered its judgment accordingly, thereby declining to interfere with the original verdict and judgment of the lower court, and thereby indicating to this court its judgment that the verdict herein was not excessive.

Upon the hearing of this case in the lower court, counsel for the railroad company sought to have that court set aside the judgment of this court, to the effect that the judgment of the lower court was affirmed on the question of liability, and made the entire former record a part of its motion in the effort to have overruled the action of this court as reflected by its judgment.

The appellant invites us to review the question settled on the former appeal as to liability vel non upon precise points then presented to the lower court and to this court with an amplification of his argument therefor by the citation of additional authorities to the same effect as those which were before the court on the former appeal.

This court did not remand the case to the lower court leaving any question open except that the lower court pass upon the motion for a new trial on the question of the amount of damages awarded by the jury.

First. It will thus be observed that the lower court had no alternative, if it was of the opinion that the verdict was not excessive, except to enter its judgment as it did, and was without power to set aside the judgment of this court. The question of liability was foreclosed and settled by the judgment of this court, and the lower court, as well as this court, must treat the judgment of this court as res adjudicata of that question, there being no contention that the judgment of this court affirming the case on the separable question of liability was void, or that any kind of fraud entered therein. We must take it for granted that the evidence now again presented to

us was originally considered both on the original hearing and in the suggestion of error filed and overruled in this cause, so we decline again to travel through the record on that proposition, for the reason that we think the question so far as we are concerned is now precluded, foreclosed, and finally settled in so far as this court has any power in the premises.

Second. It is now insisted that, because this case arose under the Federal Employers' Liability Act (45 U. S. C. A., sections 51-59) because the parties to the record were engaged in interstate commerce, the rules of this court and practice of this court as followed in the instant case, assuming the power to affirm on one separate issue and reverse on another, are violative of the Fourteenth Amendment, and deny to the appellant due process of law. This question has likewise been settled by this court, and is not new. In the case of Yazoo & Mississippi Valley Ry. Co. v. Scott, 108 Miss. 871, 67 So. 491, L. R. A. 1915E, 239, Ann. Cas. 1917E, 880, rule 13 of this court was set forth, the rule being found in 102 Miss. 905, 59 So. ix, and this court held that this rule as enforced did not violate the due process of law clause of the constitution. In other words, this court had the power to reverse a case and grant a new trial on the issue of damages alone, and thereby did not deprive an appellant of property without due process of law. We think it only necessary to refer to that one case. But later in the case of New Orleans & Northeastern R. Co. v. Snelgrove, 148 Miss. 890, 115 So. 394, this court applied the same rule to a case where the parties to the record were engaged in interstate commerce under the Federal Employers' Liability Act (45 U. S. C. A., sections 51-59). We think it is clear that the method of procedure had in this case is not a matter of substance, but a mere matter of procedure, and, while we recognize, of course, that the supreme court of the United States holds that the federal law governs as to the substantive rights of the parties, at

the same time it distinctly recognizes that the state law governs as to matters relating to the practice and procedure thereof. What this court in the instant case did was to simply remand the case to the lower court to have the judge of that court pass on the motion for a new trial on the question of the amount of damages only, and for no other purpose.

Third. The case is now before us upon the sole question of the amount of the judgment of the court below upholding the verdict of the jury for forty thousand dollar damages in this case. The lower court having passed upon that question and approved the verdict of the jury, it is now before us to say whether or not, in our opinion, the verdict in this case is so excessive as to indicate that it (the verdict) was a result of passion or prejudice on the part of the jury.

The record shows that the appellee was knocked from the top of a railroad car, that his head first came in contact with the top of the car, that he rolled therefrom, "struck the ground with his face," broke his nose, skinned his face, the trucks of the car which caused his injury ran over his right arm, and he had cut places on his face, his nose was so injured that subsequent to his recovery from the amputation of his right arm he required an operation on his nose, which was performed and some bones removed therefrom, in order to improve his breathing. He and his wife testified that both from the injury to his arm and the injury to his nose he suffered great pain, that, although he had the operation upon his nose, at the time of the trial he could not breathe, and could not engage in remunerative labor for the reason he could only breathe with his mouth open, and that he was skilled only in the work of a switchman on a railroad, and with the loss of his right arm, amputated between the shoulder and elbow, he was unable to pursue a gainful occupation. At the time of his injury he was an ablebodied, healthy man, earning from one hundred

eighty-five to two hundred dollars per month as a switchman. He was a right-handed man, and was about thirty-one years of age, and had a life expectancy of more than thirty-five years. He testified that he feels like his arm is still attached to his body but is cold all the time, that he suffers from his nose and from his arm, and that breathing through his mouth requires exertion.

He was in the hospital ten days at the time he lost his arm.

The appellee insists that the amount of the verdict in this case is not excessive under this state of facts, for the reason that the present value of his life expectancy is in excess of thirty thousand dollars, and that in his maimed condition ten thousand dollars is not excessive for the pain which he has suffered and may have to endure in the future. This court said in its former opinion that the verdict was far in excess of any verdict allowed to stand in this state for a similar injury. It then becomes our duty now to say whether or not we think, in the light of the action of the circuit judge, this verdict is excessive to the extent that passion and prejudice of the jury is evinced.

While it is true we do not have the opportunity to see the injured man, a very great advantage which the trial court and the jury have over this court, yet, when the amount of the verdict is far in excess of what has been allowed for similar injuries, we feel that we must apply our judgment to the existent facts as they appear from the record. It is a delicate duty, but we are of opinion that forty thousand dollars is an excessive verdict in this case. Assuming, as we do, that the injuries occurred because of the negligence of the appellant, and that there was no negligence on the part of the appellee, and having reached the conclusion that the verdict is excessive, we are of the opinion that, while the injuries are as detailed, we do not think it can be safely said from this record that during the period of his life exectancy the appellee

will be wholly incapacitated for any kind of gainful occupation. The occupation for which he had prepared himself is gone and cannot be restored to him, but he has a long life expectancy, and we must assume that he will not be permitted to sit idly by in order that damages assessed in his favor against a corporation which has injured him may be augmented. An analysis of authorities from this court and from the courts of this country will be fruitless and profitless. There is no fixed rule by which a court can accurately determine in exact figures the amount to be awarded. After all is considered, the action is more or less arbitrary within limits, and so it must be in this case. We think the verdict is excessive to the extent of fifteen thousand dollars, and that twenty-five thousand dollars would be adequate compensation for all the elements of damage which the appellee sustained.

If the appellee shall enter a remittitur in the sum of fifteen thousand dollars, the judgment of the court below will be affirmed for twenty-five thousand dollars; otherwise said judgment will be reversed and this cause will be remanded for a new trial before the jury on the question of damages alone.

Affirmed with remittitur; otherwise reversed.