## Mississippi Cent. R. Co. *v.* Smith.

(Division B. April 30, 1934. Suggestion of Error Sustained in Part, February 25, 1935.

[154 So. 533, 159 So. 562. See 79 L. Ed. 1673, 295 U. S. 718. No. 31225.]

508

Brady, Dean & Hobbs, of Brookhaven, for appellant.

510

512

514

Engle & Laub and Kennedy & Geisenberger, all of Natchez, for appellee.

516

Watkins & Eager, of Jackson, for appellee.

Argued orally by **T. H. Brady, Sr.**, and **T. P. Brady**, for appellant, and by **S. B. Laub**, **W. A. Geisenberger**, **W. H. Watkins** and **C. F. Engle**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Adams county to recover damages for an injury received by her as the result of a collision between an automobile in which she was riding and one of appellant's freight trains. The trial resulted in a verdict and judgment for appellee in the sum of eleven thousand dollars, from which judgment appellant prosecutes this appeal.

Appellant contends that it was entitled to a directed verdict because there was not sufficient evidence to go

to the jury on the issue of liability, and if mistaken in that contention that the verdict was against the great preponderance of the evidence, and upon that ground it was entitled to a new trial, and if mistaken in both of these contentions that the judgment should be reversed because the court, on its instructions for appellee applying the ''whistle and bell statute'' (section 6125, Code of 1930), violated the due process and equal protection clauses of the Federal Constitution, and because the court erred in giving certain other instructions for appellee.

The collision and injury took place in Adams county near Natchez where the Liberty public road crosses appellant's railroad. Appellee, with her sister, Mrs. Thompson, and their mother, and a little girl about ten years of age, were riding in a coupe automobile; their mission was one of pleasure. The car was owned by Mr. Thompson, the husband of Mrs. Thompson. It was being driven by Mrs. Thompson; the mother sat next to the driver, and appellee on their right with the little girl in her lap. The collision demolished the automobile and killed Mrs. Thompson and the mother and severely injured appellee. The little girl did not testify in the case. Appellee testified that in approaching the crossing the car was stopped just within the stop signal sign; that they looked and listened for an approaching train, and that she neither saw nor heard one; that Mrs. Thompson thereupon undertook to drive across the railroad and in doing so was struck by one of appellant's westbound freight trains running at a high rate of speed; that when the train appeared in sight it was impossible for the car to clear the crossing; and that neither the bell was ringing nor the whistle sounding on the approaching train. Appellee's testimony as to the speed of the train and appellant's failure to comply with the ''whistle and bell statute'' was corroborated by other witnesses, who saw and heard the train.

On the other hand, several witnesses testified for appellant that the bell and whistle statute was complied with, and the engineer and fireman testified, in addition, that they were both on the lookout and when the automobile appeared on the crossing they did everything possible to prevent the collision, and that it was unavoidable.

On the trial the jury were taken to the scene of the collision. In their presence appellant had one of its trains to run several times over the Liberty road crossing. The jury were thereby furnished first hand evidence of the topography of the crossing and its surroundings.

We are of the opinion that this is not a case for a directed verdict for appellant, nor is it a case in which appellant is entitled to a new trial because the verdict was against the great preponderance of the evidence. If the jury had not viewed the locus in quo, we should have been much inclined to grant a new trial upon the ground of the weakness of appellee's evidence. The view furnished the jury an opportunity of solving conflicts in some of the very material evidence.

The freight train in question was engaged in both intrastate and interstate commerce. Appellee was given instructions applying the "whistle and bell statute," section 6125, Code of 1930, which is in this language: "Every railroad company shall cause each locomotive engine run by it to be provided with a bell of at least thirty pounds weight, and a steam whistle which can be heard distinctly at a distance of three hundred yards, and shall cause the bell to be rung or the whistle to be blown at the distance of at least three hundred yards from the place where the railroad crosses over any highway or municipal street, and the bell shall be kept ringing or the whistle shall be kept blowing continuously until said crossing is passed." Section 6126, Code of 1930, makes a violation of the above statute a misde-

meanor, and our court, in construing the statute, holds that its violation is negligence on the part of the railroad company, and if such negligence is the proximate cause of the injury the company is liable. Louisville & N. R. Co. v. Crominarity, 86 Miss. 464, 38 So. 633; Southern R. Co. v. Murray, 91 Miss. 546, 44 So. 785; Skipwith v. Mobile & Ohio R. Co., 95 Miss. 50, 48 So. 964. In these instructions that construction of the statute was properly put to the jury.

Appellee was also given an instruction that in arriving at their verdict the jury should not consider the fact that the train was engaged in interstate commerce. Appellant argues that by these instructions it was denied the equal protection of the law and deprived of due process. There is no merit in either of these contentions. Atlantic Coast Line R. Co. v. Ford, 287 U. S. 502, 53 S. Ct. 249, 77 L. Ed. 457. In that case the court had under consideration a South Carolina statute requiring crossing signals, and creating a presumption of negligence for failure to comply with the statute. That statute required the bell to be rung and the whistle to be sounded at the distance of at least five hundred yards from the crossing and the bell kept ringing or the whistle sounding until the engine had crossed the highway. The court held that the statute violated neither the due process, the equal protection, nor the commerce clause of the Federal Constitution.

Those questions out of the way, the applicable principles of the law of this state govern, notwithstanding the train was engaged in interstate commerce. Under our decisions construing the statute there was no error in the instructions given appellee applying the statute to this case.

Appellant complains of an instruction for appellee telling the jury that it was the duty of the engineer in charge of its train ''to keep a proper and reasonable lookout on approaching the crossing.'' This conten-

tion is without merit. Mobile & Ohio R. Co. v. Johnson, 165 Miss. 397, 141 So. 581; Mobile & Ohio R. Co. v. Bryant, 159 Miss. 528, 132 So. 539. It was held in those cases that an engineer in approaching a public crossing was required to keep a lookout within the right of way.

An instruction was given appellee in which she was described as a passenger in the automobile. The evidence showed without conflict, as above stated, that Mrs. Thompson was driving the car; that the car belonged to her husband; and that appellee was riding with her by invitation. In Columbus & Greenville R. Co. v. Lee, 149 Miss. 543, 115 So. 782, the court held that a guest in, or an occupant of, an automobile being driven by another, over whom he has no control, is not chargeable with the negligence of the driver, but only with his own neglect in not remonstrating with the driver against doing a negligent act when the danger therefrom is, or should be, apparent to him. The previous decisions of our court so holding are cited in the opinion in that case.

We do not think the other assignments of error are of sufficient merit to require a discussion.

Affirmed.

**Per Curiam** opinion of the court on suggestion of error.

This case has involved serious difficulties as to a proper decision and we have taken a course in that regard commensurate with the difficulties encountered. As indicated in the original opinion, the evidence as a whole is unsatisfactory; but taking all of it as presenting an intelligible setting of the situation and thereupon considering particularly the testimony of the engineer, introduced and vouched for by appellant, that although he was keeping a strict lookout ahead, he did not see the automobile until the locomotive was within sixty feet of the crossing, and this taken in connection with the potent fact that the jury was taken to the scene and

made an actual view thereof, we have concluded that, for the reasons stated in the original opinion (154 So. 533), we are not authorized to reverse on the issue of liability.

We have concluded, however, that the amount of the verdict is out of line with the verdicts that have been rendered by juries throughout the state for the last three or four years in cases of personal injury, similar in seriousness to the present case, when taken in connection with the remittiturs ordered in a few cases; and that the verdict is excessive to the extent of four thousand dollars. If the appellee will enter a remuttitur in that amount, the judgment will be affirmed for seven thousand dollars; otherwise, it will be reversed, in so far as it fixes the amount to be recovered, and the cause remanded for trial on the question of the amount of damages only.

Suggestion of error sustained in part, and affirmed with remittitur.