## Mississippi Cent. R. Co. *v.* Smith.

(Division A.    June 8, 1936.    Suggestion of Error Overruled Oct. 19,
1936.)

[168 So. 604.    No. 32230.]

Brady, **Dean** & **Brady,** of Brookhaven, for appellants.

310

Engle & Laub, and **W. A. Geisenberger**, of Natchez, and **Watkins & Eager**, of Jackson, for appellee.

318

Argued orally by **H. Dean,** for appellant.

**Smith, C. J.,** delivered the opinion of the court.

This is an action by the appellee for the recovery of

damages for a personal injury sustained by her when an automobile in which she was riding collided with one of the appellant's trains, and is its second appearance in this court. On the first trial the appellee recovered a judgment for eleven thousand dollars, which was reversed insofar as it fixed the amount of damages, and the appellee having declined to enter a remittitur of four thousand dollars, suggested by the court, the judgment of the court below was affirmed insofar as it adjudged that the appellant was liable for the injury inflicted on the appellee, but was reversed as to the amount of damages awarded, and remanded for trial on that issue only. Mississippi Central R. Co. v. Smith, 173 Miss. 507, 154 So. 533, 159 So. 562. On the return of the case to the court below the trial resulted in a judgment for the appellee for twenty-five thousand dollars.

A number of errors have been assigned, but most of them are either governed against the appellant by the former decision herein or present no reversible error, if error at all. Four of these assignments of error do present questions necessitating a specific ruling thereon. These assignments are: (1) The appellee introduced in evidence all of the circumstances surrounding the collision of the train and automobile, which were introduced on the former trial on the question of liability of the appellant, and thereby waived the former adjudication of liability, resulting in the trial being, in fact, de novo, and the court below erred in not permitting the jury to determine the liability of the appellant for the appellee's injury. (2 and 3). The court below erred in admitting and refusing certain evidence to be hereinafter set forth. (4) The verdict is excessive.

The appellee, when introducing her evidence in chief, did not confine it to the damages sustained by her growing directly out of her injury, but, as hereinbefore stated, introduced evidence as to how the collision occurred. This she had the right to do. Where a case is remanded by this court to the trial court for a new trial on the

question of damages only, all of the facts which enter into the fixation of the damages are admissible in evidence. New Orleans & N. E. R. Co. v. Snelgrove, 148 Miss. 890, 115 So. 394; Illinois Cent. R. Co. v. Humphries (Miss.), 164 So. '22, 102 A. L. R. 549. One of the appellant's contentions is that the appellee was guilty of negligence which contributed to her injury. Under section 511, Code 1930, contributory negligence is not a bar to an action for damages, "but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured." The negligence of the appellant and also the negligence of the appellee, if such the jury should have found there was, entered into the fixation of damages and were therefore admissible in evidence, authorities, supra, and by introducing such the appellee did not waive, assuming for the purpose of the argument that she had the right so to do, the former adjudication of liability on the part of the appellant.

The appellee is a married woman living with her husband. Her declaration alleged that she had, because of her injury, "incurred nurses' bills, drug bills, hospital bills, X-ray and physicians' bills in the sum of approximately $500.00," for which she prayed a recovery. In the direct examination of her husband, who testified in her behalf the following questions and answers appear:

"Q. Has her injury occasioned her any expense? A. Yes, sir, nurses, sanitarium bills, and laboratory bills.

"Q. To what extent? A. Probably a thousand dollars. Defense objects and moves to exclude. Overruled and exception taken."

It will be observed that the objection to this testimony was general and not specific. If it was objectionable because of the use of the word "probably," a specific objection on that point would have enabled the opposing counsel to have further questioned the witness, thereby clarifying his testimony. But counsel for the appellant

say, in effect, that the evidence was not admissible for any purpose for the reason that it is primarily the husband's duty to support his wife and to pay her expenses for medical attention. This may be true, Galtney v. Wood, 149 Miss. 56, 115 So. 117, non constat, the wife may pay her own expenses, and that was what the witness said the appellee here did, for the question he was answering was: "Has her injury occasioned her any expense?"

The appellee testified that she was a professional trained nurse, and we will assume, though the evidence seems not to clearly so disclose, that she was not at the time of her injury engaged in the practice of her profession. In her evidence the following questions and answers appear:

"Q. What was your earning capacity as a trained nurse? Defense objects to what she earned at the time, as she is not engaged as a trained nurse now. Overruled and exception taken.

"Q. What is the condition of Dr. Smith's health? A. Very poor.

"Q. Has he any practice now? A. No, sir, the doctors ordered him to give up practice.

"Q. What were you earning as a nurse? A. Between $100.00 and $150.00 per month.

"Q. How long have you been a nurse? A. Since 1917.

"Q. Are you able to do trained nursing now? A. I am not able to do anything."

The appellant in its brief has not confined its argument to this specific objection, and we will not here challenge its right to so do. The objection thereto urged in its brief, to which this opinion will be confined, are: "The appellee should have plead her earning capacity, and that the burden of proof in this case, before evidence of the earning capacity of the appellee could have been introduced, was upon the appellee to show that she was engaged in her profession, that she was not supported

by her husband, or that she was only temporarily out of employment in her profession.''

The appellee neither sought by her declaration nor instructions to recover income which she would have earned but was prevented from so doing by her injury, but did seek to recover the general damages which flowed therefrom. Impairment of the earning capacity of one wrongfully injured is an element of his damages sustained thereby (Hale on Damages [2 Ed.], sec. 37; 17 C. J. 782), and if, as here, it results directly and proximately from the injury, it need not be specially pleaded (17 C. J. 1015), and that the person injured was not then engaged in a gainful occupation does not bar his recovery for such damages (17 C. J. 784; Texas & Pac. R. Co. v. Humble, 181 U. S. 57, 21 S. Ct. 526, 45 L. Ed. 747).

Whether or not the appellee was being supported by her husband is of no consequence. Under section 94 of the state's present Constitution and section 1940, Code 1930, disabilities of coverture are abolished and a married woman is, as to her right to own property and earn money by her own labor, on an equality with her husband. Her earning capacity, therefore, is an asset to her for the wrongful impairment of which she is entitled to damages. 30 C. J. 966; Texas & Pac. R. Co. v. Humble, supra. We do not understand the case of Mississippi Power & Light Co. v. McCormick (Miss.), 166 So. 534, relied on by the appellant in this connection, to negative this holding. The evidence discloses not that her earning capacity was only temporarily impaired, but that it is permanently destroyed. No error was committed in overruling the objection to this evidence.

Appellee's husband, who was a physician and who testified in her behalf, stated on cross-examination that because of ill health he was unable to practice his profession. The appellant then sought, but was not permitted, to prove by him that he had a fixed income independent of anything he might earn as a physician. The purpose

for which the appellant sought to make this proof was to show that it was unnecessary for the appellee to earn anything for the support of herself and husband, for the reason that the husband had sufficient income therefor. Since, as hereinbefore stated, the impairment of earning capacity is an element of the wife's damages in a case of this character, the fact that her husband may have sufficient income to support her is of no consequence. No error was committed in excluding this evidence.

This brings us to the appellant's claim that the damages are excessive. On the first trial the appellee's injury did not appear to be permanent, the trial having taken place too soon after it was inflicted for that question to be determined. On the second trial, the one here, on the evidence, the jury had the right to say that the appellee was not guilty of contributory negligence, and it was abundantly proven that the injury to the appellee is permanent, is of such serious character that she will continuously suffer pain therefrom, and is thereby physically incapacitated, to a large extent, and her earning capacity is practically destroyed. We cannot say, therefore, that the verdict is excessive.

Affirmed.