223 So.2d 300 (1969)
Charles KINNARD
v.
Willie MARTIN and Mrs. Alma Martin.
No. 45380.
Supreme Court of Mississippi.
May 26, 1969.
*301 Joe G. Moss, Raymond, for appellant.
Bowling & Coleman, Jackson, for appellees.
RODGERS, Justice.
This is the consolidated action of Mr. and Mrs. Martin against Charles Kinnard and others for personal injuries sustained by each of them as the result of an automobile collision. The accident occurred in the early morning of June 17, 1967, on a local paved road north of Utica, Mississippi. Mr. Martin was driving a 1965 Rambler automobile on a road going in a northerly direction. Mrs. Martin was a passenger in the automobile. The road runs in a north and south direction. Approximately 350 feet north of the point of collision the road turns in a westerly direction. As Mr. Martin approached this curve, Charles Kinnard came around the curve driving a 1958 Ford station wagon. He crossed the northbound traffic lane and went on the shoulder of the road on the east side. He traveled 270 feet along the east shoulder, and turned back into the east or northbound lane at a distance of 50 feet before the collision with the Martin automobile. In the meantime, Martin had turned practically off the pavement, and had stopped at the time of the collision. The left side of the Ford station wagon came into contact with the left front of the Rambler automobile, knocking it 24 feet and turning it over.
Mr. and Mrs. Martin were taken to Mercy Hospital in Vicksburg; both were seriously injured. Mrs. Martin's injuries were described as open fractures of both thigh bones, fractures of the wrist, contusions and rib fractures. She developed an ulcer on her hip which required an operation. Her injuries required that she be on her back with her legs elevated in casts, with weights to her legs. She underwent two operations. She had a long convalescent period. The bone of one leg was weakened so that she had limited use of her leg. Her injury was permanent and she was *302 unable to perform the duties required of her in managing the farm. She cannot walk on uneven ground.
Mr. Martin suffered from severe lacerations of the muscles of his arm. His pelvis was fractured so that there was a complete dislocation of the hip, and paralysis of the left sciatic nerve. The ball of the bone forming the left hip had been driven completely through the pelvis bone. Although the bone was pushed back through the opening, the operation did not produce proper results. Four days later when it developed from x-ray examination that the hip was still separated, a second operation was performed, and the bone fragments were wired together. A pin was placed in the long bone. The attending doctor testified that the patient had developed traumatic arthritis and there was a possibility that the bone would die. He also testified that there was very little hope that the feeling in his leg would return. He said that Mr. Martin would not be able to return to his carpentry work.
The defendant, Charles Kinnard, admitted in his testimony the salient facts alleged by the plaintiffs as to how the accident occurred. The jury returned a verdict in favor of Willie Martin in the sum of $100,000, and a verdict in favor of Mrs. Alma Martin in the sum of $75,000.
The defendant made a motion for a new trial, and after judgment was entered overruling the motion and sustaining the verdicts, the defendant, Charles Kinnard, appealed to this Court. He makes two assignments of error; (1) the court erred in overruling appellant's motion for a new trial; and (2) the trial court erred in peremptorily instructing the jury to find for the appellees against Charles Kinnard.
The appellant's first assignment of error is based upon the contention in the trial court that the two verdicts of the jury were so grossly excessive as to evince passion and prejudice against the appellant so as to entitle him to a new trial.
We agree with the appellant that the facts in this case do not bring it within the rule permitting a judgment for punitive damages, in view of the testimony that the appellant lost control of his automobile and was caused to go into the lane of traffic on Mr. Martin's side of the road; moreover, appellees did not sue for punitive damages. In order to warrant the recovery of punitive damages, there must enter into the facts causing the injury some element of aggression or some coloring of insult, malice or such gross negligence as to evince the ruthless, utter disregard for the rights of others. Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962).
We cannot, however, agree that the verdicts of the jury are so excessive as to evince bias and prejudice on the part of the jury. It is true that the amount is large in each case, but the hospital and medical expenses in Mr. Martin's case were shown to have been $5,559.42, and in Mrs. Martin's case, $6,466.20. Hospital and medical expenses have more than doubled in the last two years, but it is not contended here nor has it been contended in the cases which have been before this Court that they were excessive. It is true that just a few years ago a judgment for half the size of these verdicts would have been considered excessive, but that was before 5¢ magazines sold for 50¢ and $25 suits sold for $100.
The jury has a right to consider any change in the purchasing power of money and the cost of living. Louisville & N.R.R. v. Williams, 183 Ala. 138, 62 So. 679 (1913); Annot., 12 A.L.R.2d 611, § 11 at 636 (1950); 22 Am.Jur.2d Damages §§ 87, 365 (1965).
The damages for personal injuries cannot be determined by any fixed rule. St. Louis-San Francisco Ry. v. Bridges, 159 Miss. 268, 131 So. 99 (1930). The amount of the award rests largely within the discretion and judgment of the *303 jury. However, the discretion vested in the jury is not an arbitrary discretion. It must be exercised reasonably and intelligently to the end that the plaintiff may recover reasonable compensation for the loss he has sustained. 25 C.J.S. Damages § 81 (1966).
Each suit for personal injury must be decided by the facts shown in that particular case. The amount of physical injury, mental and physical pain, present and future, temporary and permanent disability, medical expenses, loss of wages and wage-earning capacity, sex, age and health of the injured plaintiff, are all variables to be considered by the jury in determining the amount of damages to be awarded. Mobile & Ohio R.R. v. Carpenter, 104 Miss. 706, 61 So. 693 (1913); Southern R.R. v. Kendrick, 40 Miss. 374 (1866); 22 Am.Jur.2d Damages § 85 (1965).
The evidence in this case shows serious, permanent and crippling injuries to the plaintiffs, and after a careful study of the case we cannot say that the verdicts are excessive.
The next contention of the appellant is that the trial judge was in error in granting an instruction directing the jury to find for the plaintiffs. This argument is based upon the theory that the plaintiffs had the last clear chance to avoid the collision because they could see the defendant coming for some time and could have acted to avoid the collision. The fallacy of this argument is found in the testimony of the defendant, that he made no attempt to stop his automobile until just before the impact. The overwhelming testimony shows that the automobile he struck and which was operated by the Martins had stopped with most of the Martin automobile on the shoulder of the road on their side of the road. There is no merit in this contention. The plaintiffs were clearly entitled to a directed verdict, even if it could be said that they were also negligent. The issue of comparative negligence is a question for the jury.
We are of the opinion that the judgment of the trial court should be affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.