361 So.2d 498 (1978)
Willie Earl CASEY
v.
TEXGAS CORPORATION and Jessie D. Mayo.
No. 50524.
Supreme Court of Mississippi.
August 9, 1978.
Smith & Phillips, Richard T. "Flip" Phillips, Batesville, for appellant.
Luckett, Luckett, Luckett & Thompson, Walter W. Thompson, Clarksdale, for appellees.
Before PATTERSON, BROOM and LEE, JJ.
*499 LEE, Justice, for the Court:
Willie Earl Casey filed suit in the Circuit Court of the Second Judicial District of Panola County against Texgas Corporation and Jessie D. Mayo, its driver, for personal injuries. Before trial, Texgas and Mayo admitted liability. The case was submitted to the jury solely on the issue of damages, a verdict was returned and judgment entered in the amount of one thousand dollars ($1,000) for Willie Earl Casey and he appeals.
On January 13, 1975, appellant was riding in a vehicle which was struck by one of Texgas Corporation's trucks and he sustained personal injuries. The collision occurred on Monday, appellant did not return to work that day, but he did work Tuesday through Friday of the same week. Appellant went to see Dr. David Ball on Monday, January 20, complaining of pain in the cervical region. He was seen by Dr. Ball again January 22, 24 and 31. The doctor testified that appellant had no fractures, although he did have cervical muscle spasms. Dr. Ball related the injury to the automobile collision of January 13. He further testified that his last examination, January 31, indicated appellant was free of pain, had a full range of motion in the neck, had no permanent injuries, and was one hundred percent (100%) normal. The medical bill was fifty-five dollars ($55.00), appellant lost one hundred ninety-three dollars fifty cents ($193.50) in wages for nine (9) days and had not been confined to the hospital.
Appellees filed a motion in limine seeking to exclude the testimony, proposed to be introduced by appellant, of Edward L. Burns, personnel director of Poloron Industries, Jerry McCay, Supervisor for United Parcel Service, Calvin Patton, Dunlop & Kyle Company, all of Batesville, David Cole, Chief Administrative Officer for South Panola Consolidated School District, and Martha Lynn Johnson, Guidance Counselor for that school district. Appellees also included in the motion to exclude a certain part of Dr. Ball's testimony.
The trial court sustained the said motion, appellant assigns as error such action and contends that it was error to deny him recovery for the impairment of his wage-earning capacity resulting from the collision and to deny instructions submitting that issue to the jury.
The testimony of Burns, McCay, and Patton, in substance, was that they (their companies) would not employ appellant or any other person who had a history of previous back or neck injury, regardless of the fact that the applicant may have recovered entirely from the injury and may have been discharged by a physician without any residual impairment. The testimony of David Cole and Martha Lynn Johnson indicated that appellant was qualified primarily for common labor and that he had a low IQ.
In 25A C.J.S. Damages § 162(8)b at 103-104 (1966), the general principle for damages is stated:
"A claim for damages for a lost or diminished earning capacity must be supported by satisfactory proof of the fact of such impairment, the extent thereof, and, in the case of a claim for permanent impairment of earning power, by satisfactory evidence of the permanency of the injury; and the proof should be made by the best evidence available. Proof with certainty or mathematical exactness is not required, nor need the proof be clear and indubitable; but such damages must be established by substantial evidence and cannot be left to mere conjecture."
Decisions of this Court previously have held that, in order to recover for permanent loss of wage-earning capacity, there must be a showing of permanent physical impairment. This principle also applies to loss of wage-earning capacity in a temporary situation. Mississippi Central Railroad Company v. Smith, 176 Miss. 306, 168 So. 604, cert. den'd. 299 U.S. 518, 57 S.Ct. 313, 81 L.Ed. 382 (1936); Walters v. Gilbert, 248 Miss. 77, 158 So.2d 43 (1963); and Kincade & Lofton v. Stephens, 50 So.2d 587 (Miss. 1951).
The testimony of Burns, McCay and Patton to the effect that their companies would not employ appellant is speculative and vague, and is not competent to prove loss of *500 wage-earning capacity. Other companies in the area may be willing to employ appellant. He has continued working for Deviney, his employer at the time of the accident, and the evidence does not indicate that appellant would not be employed by Deviney as long as that company remains in operation.
The evidence is undisputed that appellant, at the time of his medical discharge, was normal, had recovered entirely and had no permanent impairment or loss of wage-earning capacity. The testimony of David Cole and Martha Lynn Johnson as to appellant's competence in the labor market and intelligence was not material or relevant to the issue involved. Part of Dr. Ball's testimony to the effect that many companies will not employ individuals who have been involved in an industrial accident, even though fully recovered, also was not relevant to the issue.
We are of the opinion that the trial court properly sustained the motion in limine to exclude the testimony of the above individuals and properly refused Instructions Nos. 6 and 7 which related to loss of wage-earning capacity for the reason that there was no evidence to support those instructions.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.