*812
 
 MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Belevia Potts (Potts) filed suit against the Mississippi Department of Transportation (MDOT) alleging that a MDOT employee caused a severe injury to her knee. At the conclusion of a bench trial, the Attala County Circuit Court awarded Potts compensation for her medical expenses and for her pain and suffering. However, Potts now appeals that judgment arguing that: (1) the trial court erred by not awarding her future medical expenses; (2) the trial judge erred in not awarding her loss of wages; (3) the trial court’s assessment of non-pecuniary damages was unreasonable; and (4) her case was prejudiced by the trial court not granting her motion for a continuance. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Potts and her mother, Innie Carter, were traveling on Mississippi State Highway 12 when Carter’s automobile was struck by a rock that was thrown from a MDOT employee bushhogging along the highway. Upon impact, Carter slammed on her brakes causing Potts to strike her right knee on the dashboard of Carter’s vehicle.
 

 ¶ 3. Potts claims this event caused a severe injury to her right knee. For over three years, Potts visited various doctors and medical facilities regarding her right knee. The diagnoses ranged from arthritis to obesity to anemia. Finally, Dr. Todd Smith agreed to perform surgery on Potts’s right knee to relieve the pain. The post-operative diagnosis was chondromala-cia behind the kneecap, a medial meniscus tear, and replacement of her deficient anterior cruciate ligament.
 
 [1]
 
 As part of her post-operation rehabilitation, Dr. Smith referred Potts to physical therapy, which she did for the next three months. Approximately four months after her surgery, Dr. Smith discharged Potts, placing no work restrictions on her.
 

 ¶ 4. About one year post-surgery, Potts returned to Dr. Smith for an examination. He noted that her knee was stable, but recommended Potts receive a series of fluid injections in her knee to counter the pain Potts was experiencing. The injected fluid acts as a replacement for the normal knee joint fluid and lubricates the knee joint. Potts had her fifth, and final injection, some three weeks prior to trial.
 

 ¶ 5. At trial, the only issue presented was to determine whether Potts’s knee injury was caused by the rock being thrown by the MDOT employee as well as the subsequent damages.
 
 [2]
 
 The parties had already stipulated that the MDOT was liable for the rock that struck Carter’s vehicle. The court conducted a bench trial that consisted of only three witnesses: Potts, Dr. Smith, and Carter. At the conclusion of the trial, the trial judge found that Potts was entitled to $28,502.82 in medical expenses and $5,000 in pain and suffering. The trial court concluded that Potts’s evidence regarding her future medical expenses and lost earnings were “totally speculative”; thus, the court did not award her any monies for them.
 

 ¶ 6. Potts appeals the trial court’s refusal to award her future medical expenses and lost earnings. She argues that the evidence presented at trial sufficiently proved her need for a future knee replacement as a result of the accident. Potts also claims she experienced a loss of earn-
 
 *813
 
 tag capacity because of the change in her employment opportunities due to the pain she now experiences in her right knee. She also argues that the trial court erred by not granting her motion for a continuance, which resulted in her not being able to fully develop her case for damages, thus prejudicing her case.
 

 STANDARD OF REVIEW
 

 ¶ 7. “In a bench trial the trial judge sits as the trier of fact and is accorded the same deference in regard to his findings as that of a chancellor, and the reviewing court must consider the entire record and is obligated to affirm where there is substantial evidence in the record to support the trial court’s findings.”
 
 Barnett v. Lauderdale County Bd. of Supervisors,
 
 880 So.2d 1085, 1088(¶7) (Miss.Ct.App. 2004). “The findings of the trial judge will not be disturbed unless the judge abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.”
 
 Id.
 

 DISCUSSION
 

 I. WHETHER THE TRIAL COURT ERRED IN NOT AWARDING POTTS DAMAGES FOR FUTURE MEDICAL EXPENSES.
 

 ¶ 8. Under Mississippi law, plaintiffs bear the burden of going forward with sufficient evidence to prove their damages by a preponderance of the evidence.
 
 TXG Intrastate Pipeline Co. v. Grossnickle,
 
 716 So.2d 991, 1016(1184) (Miss.1997). “Damages cannot be based on mere speculation but must be proved to a reasonable certainty.”
 
 Courtney v. Glenn,
 
 782 So.2d 162, 166(¶ 16) (Miss.Ct.App.2000).
 

 ¶ 9. Potts contends that Dr. Smith’s testimony proved, to a reasonable certainty, that the accident accelerated her need for a total knee replacement. The trial court did not agree, finding that Dr. Smith’s testimony only rose to the level of speculation, not to the level of reasonable certainty.
 

 ¶ 10. We find the trial court did not err in its finding. Dr. Smith never unequivocally stated that the accident accelerated Potts’s need to have a total knee replacement. At his deposition, Dr. Smith testified that Potts’s need for a total knee replacement is “more than 50 percent.” On direct examination, when asked whether the accident accelerated the need for a total knee replacement, Dr. Smith responded only that it was “certainly reasonable to think that.” Potts never provided any evidence that she would definitively need a knee replacement in her lifetime, much less any evidence drawing a direct connection between the accident and an accelerated need for the procedure. Moreover, Potts testified that, prior to the accident, she was obese, anemic, and arthritic, all of which factor into her knee ailments, but none of which were caused by the accident. Potts’s evidence regarding the relationship between the accident and the future need for a total knee replacement never advanced beyond the realm of speculation. Therefore, Potts’s contention that she sufficiently proved the accident accelerated her need for a future total knee replacement is without merit.
 

 II. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING POTTS DAMAGES FOR LOSS OF EARNING CAPACITY.
 

 ¶ 11. “A claim for damages for a lost or diminished earning capacity must be supported by satisfactory proof of the fact of such impairment, the extent thereof, and, in the case of a claim for permanent impairment of earning power, by satisfactory evidence of the permanency of the injury; and the proof should be made by the best evidence available.”
 
 Casey v.
 
 
 *814
 

 Texgas Corp.,
 
 361 So.2d 498, 499 (Miss. 1978) (quoting 25A C.J.S.
 
 Damages
 
 § 162 (1966)). “Proof with certainty or mathematical exactness is not required, nor need the proof be clear and indubitable; but such damages must be established by substantial evidence and cannot be left to mere conjecture.”
 
 Id.
 

 ¶ 12. Potts argued the trial court imposed a “mathematical certainty” standard on her in proving loss of earning capacity rather than a reasonable certainty standard. Potts contends that she proved, to a reasonable certainty, that the surgery and its effects prevented her from obtaining employment similar to a job she had prior to the accident. However, the trial court found that Potts’s evidence regarding loss of earning was, like the future medical expenses, speculative.
 

 ¶ 13. The trial court did not abuse its discretion in finding that Potts did not provide sufficient evidence to award loss of earning capacity. Potts never presented any concrete evidence regarding her loss of earning capacity. Potts claims that due to the accident, she is unable to sit or stand for a long period of time; therefore, she is precluded from a number of jobs that would have been available to her before the accident.
 

 ¶ 14. However, Dr. Smith testified that he did not place any work restrictions on Potts after her surgery. When asked directly whether Potts had any proof that she had been turned down from jobs due to her knee, she answered in the negative. Moreover, Potts was not even employed at the time of the accident. We find that the trial judge correctly ruled that Potts’s evidence regarding her loss of earning capacity was only speculative. Therefore, this issue is without merit.
 

 III. WHETHER THE TRIAL COURT’S ASSESSMENT OF NON-PECUNIARY DAMAGES WAS REASONABLE.
 

 ¶ 15. Mississippi Code Annotated section 11-1-55 (Rev.2002) gives the trial court the authority to grant an addi-tur. We review a trial court’s denial of an additur under an abuse of discretion standard of review.
 
 Patterson v. Liberty Assocs., L.P.,
 
 910 So.2d 1014, 1020(¶ 19) (Miss.2004). The burden of proof lies with the party seeking the additur, who must prove his injuries, loss of income, and other damages.
 
 Id.
 
 “Additurs - should never be employed without great caution.”
 
 Gibbs v. Banks,
 
 527 So.2d 658, 659 (Miss. 1988).
 

 ¶ 16. Potts claims the trial judge failed to apply the appropriate standard of causation in granting non-pecuniary damages. Potts argues the $5,000 granted to her in pain and suffering is insufficient to fully compensate her for the long-term effects to her right knee. Without repeating the evidence and testimony already discussed in this opinion, Potts’s evidence regarding the future medical expenses and loss of earning capacity were insufficient to support awarding additional compensation for them. Dr. Smith testified that Potts’s obesity and anemia could have an equal or greater contribution for the need to have a total knee replacement in the future. He did not testify that the accident directly caused the need to have a future knee replacement. Furthermore, Potts did not provide any substantive evidence that the accident caused a loss in her earning capacity. Therefore, the trial judge did not abuse his discretion in not granting more than $5,000 in non-pecuniary damages. This issue is without merit.
 

 IV. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING POTTS’S MOTION FOR CONTINUANCE.
 

 
 *815
 
 ¶ 17. “The granting of a continuance is largely a matter within the sound discretion of the trial court [,] and unless manifest injustice appears to have resulted from a denial, this Court should not reverse.”
 
 Peden v. City of Gautier,
 
 870 So.2d 1185, 1188(¶ 10) (Miss.2004). “This Court has further held that the trial court may exercise ‘reasonable latitude’ in the setting and continuance of cases.”
 
 Id.
 

 ¶ 18. Potts requested a continuance in order to better determine the proximate cause of her injury. Potts stated that Dr. Smith was unable to determine in his deposition whether the collision aggravated a pre-existing condition resulting in the surgery. Potts claimed that if the motion was granted, the remaining issue of proximate causation could be resolved.
 

 ¶ 19. However, in her brief, Potts claims that, by denying her motion, she was unable to fully develop her case regarding her need for a future knee replacement and her loss of earning capacity, thereby prejudicing her case. The arguments on appeal are not the same argument considered by the trial court. “[The appellate court] ‘does not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the brief.’ ”
 
 Canadian Nat’l/Ill. Cent. R.R. v. Hall,
 
 953 So.2d 1084, 1098(¶ 47) (Miss.2007) (quoting
 
 Chantey Music Publ’g, Inc. v. Malaco, Inc.,
 
 915 So.2d 1052, 1060(¶ 28) (Miss.2005)). Accordingly, this issue is not properly before this Court.
 

 ¶ 20. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Chondromalacia is defined as the softening of any cartilage.
 
 Stedman's Medical Dictionary
 
 322 (26th ed.1995).
 

 [2]
 

 . Carter's claim against the MDOT was resolved through mediation.