JOHN H. HORNE ET AL. *v.* ELNATHAN TARTT.

1. CHANCERY COURT. *Suit on guardian's bond. Heirs of deceased surety. Parties.*

   The heirs of a deceased surety on a guardian's bond and those holding under them the property of the decedent, are proper parties to the ward's suit in equity upon the bond to subject the property, where the estate of the deceased has been finally administered and distributed.

2. SAME. *Nonjoinder of others. Code 1892, § 2352.*

   In such a suit the nonjoinder of the other sureties on the bond, or the principal or his legal representative, is not cause for demurrer.

FROM the chancery court of Lauderdale county.

HON. NATHAN C. HILL, Chancellor.

Elnathan Tartt, appellee, instituted this suit in the court below against John H. Horne and many other defendants, the appellants. It was a suit on a guardian's bond against the representatives of one of several sureties thereon and against other persons now interested in the lands of which the said surety died seized and possessed. No reason is given why the other sureties were not sued. The bill averred that the complainant had just arrived at years of maturity; that in his infancy (1877) one Walker had been appointed by the court his guardian, with Peter H. Higgins and three other persons, their names being given, as sureties on the guardian's bond; that Walker died wholly insolvent about a year before suit began, largely indebted on account of his trust to complainant, his ward—the exact sum being charged—the guardianship accounts never having been closed, and Walker made no final account of the trust. The indebtedness accrued in 1877; that Higgins, the surety on the bond, died intestate in 1881, owning a tract of land in Lauderdale county and lots in the city of Meridian, which the bill describes; that he left a widow and

two children, who inherited the land, subject to the rights of creditors; administration was granted on the estate of Higgins, and the same was closed, the administratrix (the widow of the decedent), being discharged upon condition of a final account, before this suit was begun; the widow of the deceased (Higgins) married appellant, Horne; she afterwards died and Horne inherited her interest in the land. Two defendants, other than Horne, are averred to have inherited an interest in the lands from the deceased surety, Peter H. Higgins, but in respect to a large number of defendants it is simply charged in the bill that they claimed to be interested in the land, and that whatever interest they have the same was derived from the heirs of the deceased, Higgins, and that they acquired the same subject to the rights of complainant as a creditor of Higgins at the time of his death.

The defendants severally demurred to the bill, the court below overruled the demurrers, and the defendants appealed.

*Fewell & Son*, for appellants.

All the sureties on the bond sued on should have been made parties defendant, or some reason given why they were not sued. Story's Eq. Plead., secs. 72, 74*a*, 75, 76*b*, and note 3 to sec. 76; 1 Pomeroy's Eq., sec. 114; Adams' Eq., sec. 312; Dan. Ch. Pr., "Parties." The reasons are obvious and cogent and need not be stated.

We do not think that § 2352, code of 1892, affects the rule laid down in the above authorities. This statute was designed to disembarrass the law of pleading from certain technical rules which made it difficult to proceed against principals and sureties in certain states of case, and was enacted for the very purpose of preventing multitudes of suits.

*Amis & Dunn*, on same side.

The points on which we rely in this case for a reversal of the decision of the lower court are as follows:

1. Complainant's demand against the estate of Peter H. Higgins, deceased, is not a debt within the meaning of § 1881 of the annotated code. If so, when did it become so, and when did the lien attach ?

2. Admitting his demand to be a debt within the meaning of § 1881, code 1892, and that he has a lien on the lands, the complainant cannot maintain a suit to sell the lands of a decedent so as to divest the title of the heir except in the manner pointed out by statute.

3. Admitting his demand to be a debt, and that he has a lien on the lands for its payment, and that he is entitled to proceed as in this suit to have the lands sold, complainant cannot maintain his suit in equity on the bond without joining all parties in interest, or showing good reason for not doing so.

4. The bill is not maintainable against the vendees of Higgins' heirs on the theory that it is a specialty debt binding on the heirs; it is not such a debt, and is not so binding.

*Brame & Brame,* on same side.

The personal representative of Walker, the deceased guardian, is not made a party defendant to the bill, and for this reason there can be no proper ascertainment of the amount due by the guardian.

The bill on its face shows that there are other sureties of the deceased guardian, and when the objection of misjoinder was raised by the demurrer the complainant should have been required to amend his bill so as to make them parties.

The bill is too vague and indefinite to authorize relief against the defendants, or either of them, as to any of the property described.

*Miller & Baskin,* on same side.

It is alleged in the bill that the appellants claim by or through the heirs of Higgins, one of the sureties, but it does not state that they are holders of whatever title they claim to

the property as voluntary grantees, or as fraudulent grantees. They are therefore to be treated as holders of property which they obtained *bona fide*, having paid full value therefor, and they have the right to demand that the omitted sureties on the guardian's bond be made parties in order that they can be made to respond before appellants are called upon to pay anything.

The bill is manifestly insufficient in its allegations when it fails to join with Peter H. Higgins' representatives all the other sureties on the guardian's bond. We further submit that the bill is vague, indefinite and insufficient, because 'it does not state the facts by which these appellants are described as claiming some interest through the heirs of Higgins to some part of the property.

*W. T. Houston* and *S. A. Witherspoon*, for appellee.

The following cases show that the appellee adopted proper proceedings to subject the land to his debt: *Patty* v. *Williams*, 71 Miss., 840; *Gillespie* v. *Hauenstein*, 72 Miss., 838. The jurisdiction of a court of equity is not limited by the statute. It has an original jurisdiction to subject the assets of a decedent to the payment of his debts, especially where the ordinary remedy is inadequate; and the close of the administration on the estate of Peter H. Higgins, and the death of the administratrix, makes the statutory remedy inadequate in this case. *Partee* v. *Kortrecht*, 54 Miss., 68; *Cameron* v. *Cameron*, 82 Ala., 392; *Chambers* v. *Sallie*, 29 Ark., 407; *Hall* v. *Brewer*, 40 Ark., 433; *Long* v. *Mitchell*, 63 Ga., 769; *Reed* v. *Davis*, 59 Ga., 823; *Stiver* v. *Stiver*, 8 Ohio, 217; *Thompson* v. *Brown*, 4 Johns. Chy., 631; 3 Pomeroy's Eq. Jur., § 119.

That the land is liable to appellee's debt is shown by the following cases: *Ferguson* v. *Scott*, 49 Miss., 504; *Evans* v. *Fisher*, 40 Miss., 643; *Turner* v. *Ellis*, 24 Miss., 177; *Paine* v. *Pendleton*, 32 Miss., 322; *McPike* v. *Wells*, 54 Miss., 157; *Van Winkle* v. *Smith*, 26 Miss., 491.

WHITFIELD, J., delivered the opinion of the court.

*Gillespie* v. *Hauenstein*, 72 Miss., 838; and § 2353, code of 1892, control the case.    See also other authorities in brief of counsel for appellee.

*Affirmed.*