OLIVER CONST. CO. *v.* CRAWFORD.*

(Division B. April 19, 1926.)

[107 So. 877. No. 25592.]

1. COUNTIES. *Usual and proper practice in giving notices required under statute of final settlement as to public contract or determination of abandonment thereof is for board of supervisors to enter order on its minutes, and for clerk either to sign notice published, or to certify that order is true and correct copy of minutes of board of supervisors (Laws 1918, chapter 217, section 3).*

Under section 3, chapter 217, Laws of 1918, the usual and proper practice in giving the notices required thereunder is for the board of supervisors to enter an order upon its minutes, and for the clerk to either sign the notice published or to certify that the

March, 1926] Oliver Const. Co. *v.* Crawford. 491

142 Miss.] Brief for Appellant.

order is a true and correct copy of the minutes of the board of supervisors. Whether an order of the board in such cases published in a newspaper as entered on the minutes of the board without the signature of the president or clerk of the board is sufficient to comply with the statute, query?

2. HIGHWAYS. *Statute making contractor's bond liable to all persons supplying labor or material for construction of certain work does not make contractor's bond liable for money loaned to subcontractor which is used in paying for material and labor; while statute making contractor's bond liable to all persons supplying labor or material for certain construction work will receive liberal interpretation, it will not be extended beyond the clear meaning of its terms (Laws 1918, chapter 217, section 1).*

Section 1, chapter 217, Laws of 1918, making a contractor's bond liable to all persons supplying labor or material for the construction work contracted for, does not make the contractor's bond liable for money loaned to a subcontractor which is used in paying for material or labor. While the statute will receive a liberal interpretation, it will not be extended beyond the clear meaning of the terms used by the legislature.

---

*Corpus Juris-Cyc. References: Counties 15CJ, p. 561, n. 25; Highways, 29CJ, p. 613, n. 79.

APPEAL from circuit court of Benton county.
HON. T. E. PEGRAM, Judge.

Action by J. Walter Crawford against the Oliver Construction Company on a contractor's bond. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Wm. M. Hall,* for appellant.

I. *Crawford's suit was barred and the court below erred in holding otherwise.* The publication of notice in this case was completed October 26, 1922, and the suit was not brought until March 30, 1925, two years, five months and four days thereafter. So if the order published was *notice* within the meaning of the statute, Crawford's suit was barred.

It will be noted that the statute does not prescribe any form of notice; that it does not even say notice to *fur-*

*nishers,* which would imply that it was to be addressed to them. It simply says *"notice thereof,"* the word "thereof" referring to the *obligee's final settlement,* set forth in the preceding sentence. Getting the fact of *final settlement by the obligee* published appears to be the prime contemplation of the statute.

The real *obligee* in the bond here was the board of supervisors of Benton county. The board of supervisors can act only by and through orders entered upon their minutes. Why then would not publication of the board's order itself, if the essential facts be recited therein, be more nearly the obligee's publication of notice of final settlement than anything else? I can think of no reason why it would not.

II. *The court below was mistaken about the effect of Oliver Construction Co. v. Dancy,* 137 *Miss.* 474, 102 *So.* 568, *in his ruling that these appellants were liable for Crawford's claims under the terms of the statute or their bond.* The supreme court did not commit itself in the Dancy case to the proposition that merchandise, such as boots, shoes, clothes, groceries, cigars and tobacco, and the like, sold to a subcontractor or his employees on his orders, were materials or labor within the meaning of the statute and statutory bond which the principal contractor and his surety would be liable for. If it had, it would not have decided as it did in *Watkins* v. *U. S. Fidelity & Guaranty Co.,* 103 So. 224. The claim of Elixson in that case was for shoes sold to laborers on orders issued by the contractors and it was held to be not within the bond.

The bond given by the Oliver Construction Company in compliance with the statute when it undertook to construct this highway work was no broader than the statute. The obligation is for *material and labor* furnished *for the work* and *used* in the work.

*Material and labor* furnished to a *subcontractor* for the work, this court held in *Oliver Const. Co.* v. *Dancy,*

137 Miss. 474, 102 So. 568, the principal contractor and his surety would be liable to the furnisher for.

Crawford's furnishing was to subcontractors, Lansdale & Acumen. The question is whether the things he furnished were *material or labor* for the work within the meaning of the statute and bond. Neither statute nor bond refers to the furnishing of money for the work as each does to the furnishing of material and labor for the work. Our roads are not paved with dollars, though some of the taxpayers may be thinking they are, judging from the cost of some of them. Where the money is simply furnished to the contractor to pay off claims for material or labor and he pays them off, there is an extinguishment of the claims and rights, and equity has no basis to create an assignment.

The courts, with practical unanimity, have held that money furnished for and merely used to pay labor and material bills cannot be considered labor or material. See the notes in 43 L. R. A. (N. S.) 162, 171; and in Ann. Cas. 1918 D, 350, 352, for collation of the cases. See the cases later than those notes. *Neodesha Nat'l Bank* v. *Russell* (1921), 109 Kan. 564, 200 Pac. 281; *U. S. F. & G. Co.* v. *Henderson* (Tex. Civ. App. 1923), 252 S. W. 835, 842; *People Western Acceptance Co.* v. *Southern Surety Co.* (Colo. 1924), 230 Pac. 397; *New Amsterdam Casualty Co.* v. *State* (Md., 1925), 128 Atl. 641.

The cases cited involve, in the main, claims against the surety of the principal contractor for material or labor furnished to the principal contractor himself, but they apply with equal force in the case of claims against the principal contractor primarily and his surety secondarily for material furnished to the contractor, because the principal contractor is necessarily in such a case in the attitude of a surety with reference to furnishers' claims against the sub-contractor.

In this case, among the items for merchandise listed, there are none coming within the category of material furnished for and used in the work. Shovels, for which the largest charge is made, are considered by all of the

courts as equipment which is not covered. The other things, which are insignificant, are not within the category of material. See *Watkins* v. *U. S. F. & G. Co.*, 103 So. 224; *Carter County* v. *Oliver Hill*, 143 Tenn. 648, 662; *Southern Con. Co.* v. *Halliburton* (Tenn.), 258 S. W. 409, 9 Am. & Eng. Ann. Cas. 309, 43 L. R. A. (N. S.) 165, L. R. A. 1915F 951. This claim of Crawford's was also not within the protection of appellant's bond.

If a principal contractor is held liable for moneys advanced and merchandise sold on open account to a subcontractor, the principal contractor and his surety would be open to every sort of imposition.

*Lester G. Fant*, for appellee.

The first proposition argued was that the suit of J. S. Crawford was barred by the statute of limitations. Of course, unless barred by chapter 217, Laws of 1918, it was not barred at all. And the record shows beyond any doubt that there was no notice published, signed either by the board of supervisors of Benton county or its clerk, or the state highway commissioner. Section 1640, Hemingway's Code (section 1980, Code of 1906) covers proof of publication of notices. It is sufficient to say that no affidavit was made by any publisher that any notice was given.

The only other contention is that the court below was mistaken about the effect of *Oliver Con. Co.* v. *Dancy*, 137 Miss. 474. Counsel for appellant overlooks in his argument that it is undenied in the record of the present case that each dime of the account of J. W. Crawford, upon which the suit is based, went absolutely into the construction of the road, for the construction of which bond was given.

This case has been finally settled by *Dancy et al.* v. *Oliver Con. Co.*, 137 Miss. 474. In that suit E. J. Crawford was decreed three hundred five dollars and fifty-five cents, J. D. Dickerson one hundred eighteen dollars and fifty-nine cents, and J. H. Gresham one hundred

twenty-one dollars and forty-two cents. These claims were absolutely made up in the same way as the Crawford claim and while the complaint was made by appellant in that case, it was because neither Mr. Crawford, nor Mr. Dickerson nor Mr. Gresham did anything toward constructing the road. What they did was to furnish pay for the labor by giving them board on the orders of Lansdale & Acumen, just as the account of J. W. Crawford is made up of money not only furnished to the labor on the order of Lansdale & Acumen and taken by Lansdale & Acumen out of the pay due the said laborer, but it is also for freight and for gravel.

I submit, too, that *Watkins* v. *U. S. F. & G. Co.,* 138 Miss. 388, does not conflict with *Dancy* v. *Oliver Con. Co., supra.*

There is no particular manner in which the law provides that labor shall be furnished. Labor might be furnished by paying them either in money, or in board, or in shirts, in cigars, or in any other way that they should be paid. In order to pay the labor, they are not required to pay them any particular kind of money, or, any money at all; and the record in the instant case is unique in that it is in the record and undisputed that every item of the account was used to furnish labor or materials in the work. If this was not true, is it conceivable to the court that the defendants, the appellants here, would not have made proof of that fact instead of closing their case without denying the statements made by the plaintiff's witnesses? See *Clatsop County et al.* v. *F. C. Feldschau et al.* (Ore.), 199 Pac. 953, 18 A. L. R. 1221 and note.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was plaintiff below, and sued the appellant on its contractor's bond executed under the provisions of chapter 217, Laws of 1918, which requires a contractor of public works of the kind here contracted for to execute a bond, which provides:

"That any person entering into a formal contract with this state, any county thereof, municipality therein, or any political subdivision whatsoever therein, for the construction of any building or work or the doing of repairs, shall be required before commencing same to execute the usual bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor; and any person who has furnished labor or materials used therein and wherefor payment has not been made, shall have the right to intervene and be made a party to any action instituted on such bond, and to have their rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the obligee," etc.   Section 1.

The suit was for one thousand four hundred fifty-two dollars and eighty-one cents, the balance on a note which the subcontractors borrowed to carry out their contract on a certain bank, and which the appellee signed as a joint maker, and from the money so derived the subcontractor paid for the materials and labor, and also a balance of one thousand one hundred thirty-one dollars and fifty-three cents, with six per cent per annum from January 18, 1922, which money was also used by the subcontractor in paying for materials and labor used in the construction of the road.

There were also certain open accounts made by the subcontractor of the appellee, Crawford, which contained various items, but most of which were furnished to Lansdale and Acumen, the subcontractors, by Crawford in paying laborers or in furnishing the laborers with merchandise while engaged in such work.   The original contract was for the construction of federal aid project No. 22, being a part of the Bankhead Highway in Benton county.   The Oliver Construction Company executed its bond in conformity with the above statute, with the National Surety Company as surety thereon.   Subsequently the Oliver Construction Company sublet these contracts,

or a part thereof, to one Brown, who in turn let the said contract to Lansdale and Acumen, who, as above stated, constructed the highway, employing certain laborers therein and subletting some parts of the work to other persons. As above stated, said Lansdale and Acumen borrowed money from the banks; Crawford and another signing the notes with them. The notes were not paid at maturity, and Crawford, the appellee, paid them.

The contract was first let in 1919, but for some reason work thereon was suspended until 1921, and the work was completed and final settlement made by the board of supervisors at the March, 1922, meeting of the board, but the board did not give the notice required by section 3, chapter 217, Laws of 1918, until the October, 1922, meeting of the board of supervisors, when the following order was entered by the board on its minutes at its said October, 1922, term:

"*In re* Publication of Final Settlement of Federal Aid Project No. 22.

"Be it remembered that on this day, the same being the 3d day of the regular October meeting of the board of supervisors of Benton county, Miss., there came a motion to make publication by said board of the completion and final settlement of the contract of the Oliver Construction Company on what is known as federal aid project No. 22 on the Bankhead Highway. And it appearing that through an oversight this board had failed to make publication of said final settlement of the contract so far as the board of Benton county were concerned or understood, it is therefore ordered that the clerk of this board make publication of the final settlement in so far as the county is concerned in the Southern Advocate, a newspaper published in Benton county, and having a general circulation. Said publication be made as of the date of March, 1922, meeting of the board, and said final settlement was made and accepted by said board."

This notice was published in the papers therein designated for three issues following such meeting, but the notice was not signed by the clerk of the board, nor by any member of the board, nor did the notice in the paper contain a certificate that the order published was a true and correct copy of the minutes of the board of supervisors. This suit was filed March 7, 1925. The defendants, being domiciled in Arkansas, filed their answer through an attorney of that state instead of filing the formal pleas in accordance with the Mississippi practice. No point is made, however, on the form of the pleading. The answer denied that the appellant was liable for the items sued for, and denied that it was liable to the plaintiff for any supplies or money furnished by the plaintiff to Lansdale and Acumen for the construction of the road, and denied that the sums of money or the supplies represented by the notes went into the construction of the road, and denied any knowledge or information as to any supplies that were furnished in the construction of the road. Appellant alleged further that the Oliver Construction Company completely performed its said contract in the year 1922, and that this action is barred by statute of limitation of one year, as set forth in section 3, chapter 217, Laws of 1918, and that, said action not having been instituted within one year after a complete performance and settlement with the board of supervisors, said action was barred.

It appears from the testimony of the witnesses for the plaintiff that the money obtained on the notes above referred to was paid to the laborers and materialmen who worked or furnished material for the construction of the road. These witnesses also testified that the open account was charged to Lansdale and Acumen for supplies furnished to them, much of which was money paid to their laborers.

The case was tried before the circuit judge without a jury in the court below, and the judge held that the action was not barred, and that the appellant was liable on

the bond to Crawford for the money sued for; that the money came within the meaning of the statute above referred to.

Section 3, chapter 217, Laws of 1918, provides:

"When suit is instituted by any of such persons on a bond, it shall not be commenced until after the complete performance of said contract, and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later; provided that if the contractor quits or abandons the contract before its completion suit may be instituted by any such person on said bond and shall be commenced within one year after such abandonment and not later. But said time for the institution of said section shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspapers published in said county, or if there be none then in some newspaper having a general circulation therein."

It will be seen from a reading of this statute that the one year's limitation therein prescribed does not run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspaper published in said county, or, if there be none, then in some newspaper having a general circulation therein. The statute is silent as to what the notice shall contain or how it shall be signed or who shall sign it.

It is contended by the appellee, and was held by the judge below, that the notice published was insufficient to comply with the statute. The most serious defect in the notice is the failure of the clerk to either sign it or to certify that it was a true copy of the order entered by the board of supervisors on its minutes.

The usual and proper practice is for the clerk of the board of supervisors to either sign the notice or to certify that the notice published is a true copy of the minutes of the board of supervisors. The notice published in this

case upon its face shows it was an order on the minutes of the board of supervisors giving notice of final settlement with reference to the construction of federal aid project No. 22. There was no proof of publication in the files of the board of supervisors, but the clerk testified as a witness, and produced a copy of a paper containing the notice, and testified that he caused it to be published, and that it was a correct copy of the minutes of the board of supervisors.

Under the language of the statute the limitation did not begin to run until the publication of notice as therein required.

The question as to whether the statute begins to run on publication of this notice is not free from doubt, and, in view of the conclusions reached on the second question, it will not be necessary to decide that question now, because the disposition of the second question will dispose of this case, and, as the rights of other persons might be affected by this question either in this case or in a subsequent case, we leave the question open.

We are of the opinion, however, that the plaintiff was not entitled to recover because the transaction between him and Lansdale and Acumen did not amount to furnishing labor or material used in the construction of the highway within the purview of section 1, chapter 217, Laws of 1918, which is set out in the first part of this opinion. The plaintiff did not furnish either the material or the labor for the construction of the public road. What he did was to sign a note to a third party to enable Lansdale and Acumen to obtain money to be used at their discretion, but which was used in paying for material and labor. When material and labor was paid for with this money, the claim of the materialmen and laborers was satisfied and discharged.

When Crawford was compelled to pay the bank the notes, he, of course, became subrogated to the bank's right against the real makers of the notes, Lansdale and Acumen. The bank did not have a right on the contractor's

bond to recover the money so loaned to the makers of the notes. When the laborers and materialmen were paid by Lansdale and Acumen, the material and labor which went into the construction of the road were paid for.

This case is not like the case of *Oliver Construction Co. v. Dancy et al.,* 102 So. 568, 137 Miss. 474. In that case the laborers and materialmen had taken a note or other obligation of Lansdale and Acumen for their work, but these things had not been paid, and had not passed out of the hands of the holders, and we held that their demand for their labor and material was not satisfied by the giving of the notes, and that the statute imposed upon the principal contractor and the sureties on its bond liability for their payment. It would be an unwarrantable extension of the language of the statute to hold that the surety and the principal contractor were liable to persons who loaned subcontractors money.

In *Watkins* v. *U. S. F. & G. Co.,* 103 So. 224, 138 Miss. 388, we had this statute under consideration, and held that it did not impose liability on the contractors' bond and the sureties thereon for goods such as groceries and merchandise furnished to laborers by a commissary, which commissary was operated by the principal contractor for profit. We think this last case controls here, and the money and merchandise sold to Lansdale and Acumen are not the furnishing of labor and materials used in the construction of the road, and consequently that the plaintiff below was not entitled to recover.

We think the statute should have a liberal, but a reasonable, construction, and that we should not extend its meaning beyond the language employed by the legislature. Whatever may properly be brought within the meaning of the language used will be held to impose an obligation on a contractor to see that such accounts are satisfied. The facts in the present case do not entitle the plaintiff to relief.

The judgment of the court below will, therefore, be reversed, and judgment rendered here for appellant.

*Reversed and judgment here.*