## MARQUETTE CEMENT MFG. CO. *et al. v.* FIDELITY & DEPOSIT CO. OF MARYLAND *et al.*

(Division A. Feb. 4, 1935.)

[158 So. 924. No. 31496.]

Lester G. Fant, Sr. & Jr., of Holly Springs, and Wm. M. & Wm. G. Hall, of Memphis, Tenn., for Marquette Cement Mfg. Co.

**Sivley, Evans & Evans**, of Memphis, Tenn., for Fidelity & Deposit Co. of Maryland.

Julian **C. Wilson** and **Lowell W. Taylor**, both of Memphis, Tenn., for appellee and cross-appellant, New Amsterdam Casualty Company.

Argued orally by **Lester G. Fant, Sr.**, for appellant and cross-appellee, and by **Judge Julian C. Wilson** and **Thos. A. Evans**, for appellees and cross-appellants.

**Smith, C. J.**, delivered the opinion of the court.

This is a suit by the appellant under the provisions of section 5971 et seq., Code of 1930. There are two appeals, one by the Marquette Cement Manufacturing Company from a decree sustaining a demurrer of the Fidelity & Deposit Company of Maryland and dismissing the bill as to it, and another by the New Amsterdam Casualty Company from a decree overruling the general and special demurrers filed by it. The bill alleges that the city of Holly Springs entered into eleven separate and distinct contracts on different days with J. P. Rowan for the paving of certain of its streets, for the faithful performance of which Rowan executed a separate bond for each contract, the surety on one of them being the Home Accident & Indemnity Company of Arkansas, the surety on another being the Fidelity & Deposit Company of Maryland, and the surety on the others being the New Amsterdam Casualty Company; that the appellant supplied Rowan with twenty-three thousand one hundred forty-nine barrels of cement for use in the ten contracts sued on at a stipulated price for each, setting forth the

number of barrels that were used in the performance of each contract, the balance claimed to be due it by Rowan therefor, and prayed for a judgment against each defendant for the amount due the complainant by it.

Equity jurisdiction was acquired under section 173 et seq., Code of 1930, against the New Amsterdam Casualty Company by making a resident of the state a defendant to the bill on the allegation that he was indebted to that company.

The Fidelity & Deposit Company of Maryland and the New Amsterdam Casualty Company appeared and each filed separate demurrers. One of the grounds of the general demurrers is that the suit was barred by the limitation of one year placed thereon by section 5973, Code of 1930. The bill sets forth the dates on which final settlement was made on each of these contracts, all of which were more than one year prior to the institution of the suit. The bill does not allege that publication of this final settlement was made. In Oliver Construction Co. v. Crawford, 142 Miss. 490, 107 So. 877, it was said that this one year period of limitation did not begin to run until the publication of final settlement of the contract with the obligee of the bond. But it is said by counsel for the New Amsterdam Casualty Company that this statement of the court was not necessary for the decision of the case before it, and it is therefore not within the rule of stare decisis. Whether this is true or not, as to which we express no opinion, the statement was correct and will so appear on a re-examination of the question.

Section 5971 of the Code requires one contracting with the state or any of its political subdivisions for the doing of a public work to execute a bond for the faithful performance thereof, "with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor," and further provides that persons supplying labor and material therefor may intervene in any suit

on the bond and for judgment thereon subject to the priority of the obligee therein for the payment of any money due it under the contract by the contractor. Section 5972 provides that if the obligee fails to sue on the bond "within six months from the completion and final settlement of said contract, then any person supplying therein labor or materials . . . shall have a right of action for his use and benefit against said contractor and the sureties thereon." Section 5973 is as follows: "When suit is instituted by any of such persons on a bond, it shall not be commenced until after the complete performance of said contract, and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later; provided that if the contractor quits or abandons the contract before its completion, suit may be instituted by any such person on said bond and shall be commenced within one year after such abandonment and not later. But said time for the institution of said section shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspaper published in said county, or if there be none then in some newspaper having a general circulation therein."

The question for determination is whether the words "published notice thereof" applies both to the words "final settlement" and "determined said abandonment," or only to the latter.

"By what is known as the doctrine of the 'last antecedent,' relative and qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote." 59 C. J. 985; 2 Lewis' Sutherland Statutory Construction (2 Ed.), sec. 420. But this doctrine has no application where the qualifying word, phrase, or clause "is applicable as much to the first and other words as to the last," Porto Rico Railway, Light & Power Co. v. Adalberto Diaz Mor,

253 U. S. 345, 40 S. Ct. 516, 518, 64 L. Ed. 944; and the spirit and purpose of the statute requires the application thereof to all of the preceding words, clauses, or phrases. State v. L. & N. R. R. Co., 97 Miss. 35, 51 So. 918, 53 So. 454, Ann. Cas. 1912C, 1150. Is such the case here? The statute, after definitely fixing two specific dates for the commencement of the one year period of limitation —(1) the complete performance of said contract and final settlement thereon, and (2) the abandonment of the contract before its completion—then proceeds with a qualifying clause beginning with the words ''but said time,'' in which it is provided that ''the institution of said section [a manifest clerical error and should be action] shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof.'' If the words ''published notice thereof'' were intended by the Legislature to apply only to the immediately preceding words ''determined said abandonment,'' the bringing forward into that clause of the section of the words ''said final settlement'' was wholly without use or purpose, and, as we must presume that the Legislature intended something thereby, this intention could only be to require publication of the final settlement before the limitation prescribed by the statute should begin to run. We must accordingly so hold.

Another ground of the demurrers is that Rowan was a necessary party to a suit on his surety bonds. The overruling of this ground of the demurrer is assigned for error, but not pressed by counsel, and the ruling is correct. Sections 2027 and 2028, Code of 1930; Horne v. Tartt, 76 Miss. 304, 24 So. 971.

One of the demurrers challenged the bill on the ground that it improperly joined these two surety companies in one suit. This demurrer was sustained, and separate bills against each of the surety companies were directed to be filed, and the complainant, Marquette Cement Manufacturing Company, assigns no error therein.

One of the demurrers of the New Amsterdam Casualty Company, which was overruled, challenged the bill on the ground that it improperly joined several separate and distinct causes of action against it. Section 396, Code of 1930, provides that ''the uniting in one bill of several distinct and unconnected matters of equity against the same defendants shall not be an objection to the bill.'' Each of these bonds guaranteed the performance of separate and distinct contracts for public work. A suit on each by the parties interested therein is authorized by section 5971 of the Code, and the only point of contact between them that here appears is that the complainant, the Marquette Cement Manufacturing Company, has a cause of action on all of them and the New Amsterdam Casualty Company is also the sole surety on all of them. The cause of action of the Marquette Cement Manufacturing Company and of other persons interested in the bond are separate and distinct, Continental Casualty Co. v. Crook, 157 Miss. 518, 128 So. 574, 72 A. L. R. 186, and are legal and not equitable, Illinois Surety Co. v. United States, 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609. A court of law is authorized by section 5971 of the Code to render several separate and distinct judgments on the various causes of action in consonance with sections 605 and 606 of the Code. There is no necessity for resort to the chancery court for the settlement of the rights of the various parties interested in bonds of this character. The case, therefore, does not present one of equity jurisdiction to which the proviso in section 396, Code of 1930, applies, unless the fact that jurisdiction of the suit as against the New Amsterdam Casualty Company was acquired under section 173 et seq. of the Code makes the proviso of section 396 applicable.

Two persons, residents of the state, were made parties defendant to the bill on the allegation that they were indebted to the New Amsterdam Casualty Company. They have appeared and denied such indebtedness, and the record does not present a traverse thereof, but that

aside and without reference thereto, the bill of complaint here should not have been on all of the bonds collectively, but separate suits should have been filed on each. The cause of action on each of these bonds is separate from the others, a judgment rendered on one of them being no way affected by the judgments rendered on the others, and the persons interested in each of them may not be the same persons interested in all or any of the others; and we have to presume that such may ultimately be the case, for the statute permits all persons who supply labor and materials for the contracts, the performance of which is secured by a bond, to intervene and become parties to any action thereon. We have, therefore, a suit wherein separate and disconnected causes of action of separate and disconnected complainants are sought to be joined in one bill against a person who would be a defendant in a suit by each complainant, or to state it more accurately, persons having causes of action upon each bond constitute separate and disconnected classes, each class having no interest in an action on any of the bonds other than the one that inures to its benefit. The exception in the statute does not permit all of these separate and disconnected classes to join in one suit against a common defendant, and to so permit would result in great inconvenience to the courts and the parties litigant.

Again it is said by counsel for the Marquette Cement Manufacturing Company that the cause of action on each of these bonds was properly combined in one suit for the reason that the bill alleges that only one account was kept by it of the cement supplied to Rowan for use by him in the performance of his various contracts, and some of the payments thereon were credited generally on the account, resulting in the necessity for an accounting in order to determine what part of the cement was used by Rowan in the performance of each contract in which the Marquette Cement Manufacturing Company and others who supplied labor and ma-

terial for the performance of these contracts were interested, and also to determine the application of payments on the accounts. No such necessity results. In separate suits on each of these bonds the Marquette Cement Manufacturing Company must show what Rowan is due it for the cement used in the performance of the contract secured thereby in which persons interested in other of the bonds have no interest. This demurrer for multifariousness should have been sustained.

The question presented on the appeal of the Marquette Cement Manufacturing Company is that after the court below sustained the demurrer for multifariousness on the ground that the Fidelity & Deposit Company of Maryland and the New Amsterdam Casualty Company were improperly joined in one suit, is refused to grant a request by the Marquette Cement Manufacturing Company to dismiss its bill as to the Fidelity & Guaranty Company without prejudice, but proceeded to dismiss it, adding to its decree the words "with prejudice." The decree recites that "the court both sustain the demurrer filed by the defendants as to multifariousness in the misjoinder of parties and directed complainant to file separate bills against each defendant without new process as provided in the statute, within sixty days from this date; and the court doth further order and adjudge that the general demurrers filed by both defendants as to the general equity jurisdiction be overruled, but doth sustain the special demurrer set up in the answer of the Fidelity & Deposit Company as to the application of payments. . . . And thereupon, complainant moved the court for leave to dismiss as to defendant Fidelity & Deposit Company without prejudice, which motion was by the court overruled and said cause was dismissed as to said Fidelity & Deposit Company with prejudice, to which action of the court complainant then and there excepted." The words "doth sustain the special demurrer set up in the answer of the Fidelity & Deposit Company as to the application of

payments'' can only refer, and we understand it as referring, to that paragraph of the answer wherein the bill was demurred to ''because the bill on its face shows that all amounts due complainant for materials furnished and used in connection with the work done under the contract on which this defendant is surety have been fully paid complainant and that complainant is due no amount for materials furnished in connection with said contract.'' This was a general demurrer going to the whole bill in so far as it affects the Fidelity & Deposit Company, and, as no application was made for leave to amend that would have affected the ruling on the demurrer, the court very properly ordered the dismissal of the bill, an application for leave to dismiss the bill without prejudice being then too late. But it is said that when the court sustained the demurrer to the bill for misjoinder of defendants and ordered separate pleas filed against each, it was then without power to consider the general demurrer thereto. It is true that where a general demurrer is sustained special demurrers should be disregarded for it then becomes useless to pass thereon. In so far as it appears from the decree the various orders therein were rendered at the same time, and this being true, the ruling on the special demurrer was unnecessary and will be disregarded. The addition to the order of dismissal of the words ''with prejudice'' is unusual and may be improper, but, if so, no harm can here come therefrom, because the dismissal of a bill on a general demurrer thereto going to the merits becomes thereafter res judicata in another action by the complainant on the same cause of action set forth in the bill.

The decree of the court below will be affirmed, except in so far as it overruled the demurrer of the New Amsterdam Casualty Company for multifariousness, but as to that ruling it will be reversed and remanded.

Affirmed in part; reversed in part and remanded.