DIXIE MINERALS CORPORATION *et al. v.* DIXIE ASPHALT PAVING CO. *et al.*

(Division A. March 4, 1935.)

[159 So. 562. No. 31598.]

**Gex & Gex,** of Bay St. Louis, for appellant, Dixie Minerals Corporation.

Gardner & Backstrom, of Gulfport, for appellant, Jahncke Service, Inc.

**U. B. Parker,** of Wiggins, and **Robert Genin,** of Bay St. Louis, for appellees.

Argued orally by **W. J. Gex**, for appellant, and by **Robert L. Genin**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The Dixie Asphalt Paving Company entered into a contract with the city of Bay St. Louis to pave certain of its streets, and executed a bond for the faithful performance thereof with the United States Fidelity & Guaranty Company as surety thereon. The appellant Dixie Minerals Corporation sued on this bond in accordance with sections 5971 et seq., Code 1930, to recover the amount alleged to be due it by the paving company for materials furnished it with which to pave the street. Publication of the suit was made in accordance with section 5976, Code 1930, and thereafter Jahncke Service, Inc., appeared, in accordance with section 5974, Code 1930, and filed a claim for material furnished the paving company for use in paving the streets.

The appellees filed a plea of the general issue, and gave notice thereunder that it would ''offer evidence to show that said suit by the plaintiff against the defendants is brought prematurely in that the city of Bay St. Louis, Mississippi, has never made final settlement for the work under said contract and that no one else has ever made final settlement for said work,'' and as against Jahncke Service, Inc., that ''if what has been done constitutes final settlement, that the said claim or petition of the intervenor is barred because it was filed within one year after the performance and final settlement as provided by law.'' The word ''not'' was probably omitted between the words ''was'' and ''filed.'' A plea of set-off against the Dixie Minerals Corporation was also filed. No objection was made in the court below to the defendants pleading at the same time both to the merits and in abatement of the action.

The case proceeded to trial apparently without refer-

ence to the plea of set-off, but on the general issue and notice thereunder. The court below was requested, but declined, to direct a verdict for the Jahncke Service, Inc. It directed a verdict against both of the plaintiffs in favor of the defendants, giving as a reason therefor that the suit was prematurely filed. The judgment rendered, however, did not abate the suit, but is an ordinary judgment on the merits that the plaintiffs "do have and recover nothing from the said defendants," etc.

The evidence discloses that the contract for the paving was fully performed, and that the city commissioners entered on their minutes the following order setting forth the balance due the paving company therefor, which is, in part, as follows: "It is therefore ordered that said estimate is hereby approved and allowed, on condition that the Bonding Company be notified of its approval and allowance, and that Dixie Asphalt Paving Company be paid for said work in accordance with the understanding and agreement had with the Dixie Asphalt Paving Company, after the Bonding Company has consented to the same, the said consent to be in writing, the said estimate being for the sum of fifteen thousand seven hundred eighty-one dollars and sixty-one cents."

Sections 5972 and 5973, Code 1930, provides that: "If no suit should be brought by the obligee [the city] within six months from the completion and final settlement of said contract, then any person supplying therein labor or materials shall" have the right to sue thereon; but such suit "shall not be commenced until after the complete performance of said contract, and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later; provided that if the contractor quits or abandons the contract before its completion suit may be instituted by any such person on said bond and shall be commenced within one year after such abandonment and not later. But said time for the institution of said section shall not

begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspaper published in said county, or if there be none then in some newspaper having a general circulation therein."

Was there a final settlement within the meaning of the statute? The appellees' contention seems to be that the settlement cannot be final until payment has been made for the work done under the contract. We do not so understand the statute. Its purpose is to prevent laborers and materialmen from suing on the bond until the obligee therein sues thereon, or has no further interest therein. When the public authority for which work of the character contemplated by the statute has been done, and it adjudges in the manner required for the evidencing thereof that the contractor has performed his contract and nothing further remains to be done except for the public authority to pay him therefor, the purpose of the statute has been accomplished, and there has been a final settlement of the contract within the statute's meaning. Globe Indemnity Co. v. U. S. of America, etc., 291 U. S. 476, 54 S. Ct. 499, 78 L. Ed. 924.

Whether this suit was begun more than one year after final settlement is of no consequence, for no publication thereof was made. Marquette Cement Mfg. Co. v. Fidelity & Deposit Co. of Maryland (Miss.), 158 So. 924, recently decided but not yet reported [in State Report]. The request of Jahncke Service, Inc., for a directed verdict should have been granted. No such request was made by the Dixie Minerals Corporation.

The judgment of the court below will be reversed, and judgment final for the Jahncke Service, Inc., will be rendered here, and as to Dixie Minerals Corporation, the case will be remanded.

So ordered.