ROYCE KERSHAW, INC., *et al.* *v.* STATE, TO USE OF DAY, *et al.*

(In Banc. Sept. 28, 1936.)

[169 So. 690. No. 31983.]

**Watkins & Eager,** of Jackson, for appellants.

Leftwich & Tubb, of Aberdeen, for appellees.

Argued orally by **W. H. Watkins, Jr.**, and **Mrs. Elizabeth Hulen**, for appellants, and by **T. J. Tubb**, for appellees.

**Cook, J.**, delivered the opinion of the court.

This suit was instituted against a highway contractor and his surety by subcontractors, and persons who furnished materials, supplies, and labor in the construction of a highway.

The suit was brought under provisions of article 6, chapter 151, "Contracts for Public Works," Code 1930, sections 5971 to 5976, inclusive. The declaration alleged, and the pleadings throughout admit, that the state highway commission had made final settlement with the contractor, but that no notice of such final settlement had been published, as provided by section 5973, Code 1930. This being true, the cause is ruled by the case of United States Fidelity & Guaranty Co. v. Plumbing Wholesale Co. (Miss.), 16 So. 529, wherein it was held that, after final settlement of a public contract, no cause of action accrues against the surety on the contractor's bond until publication of notice of such final settlement. Consequently, the judgment of the court below will be reversed, and the cause dismissed without prejudice to any rights of appellees that may accrue upon publication of notice of final settlement of the contract.

Reversed and dismissed.

**Smith, C. J.**, delivered a dissenting opinion.

I am of the opinion that the appellant's cause of action on the bond here sued on had accrued when the action was begun; that United States Fidelity & Guaranty Company v. Plumbing Wholesale Co. (Miss.), 166 So. 529, was wrongly decided, and should be overruled. Section 5971, Code 1930, requires one contracting for the construction of a public building or work, to execute a

bond to the state or the political subdivision thereof for which the work is being done, for the faithful performance of the contract, "with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor." The remainder of the section, and several subsequent sections, deal with the time when, and the method by which, this obligation of the contractor to laborers and materialmen may be enforced. Section 5971 gives them the right to intervene in any suit on the bond by the obligee. Section 5972 gives the obligee the exclusive right to sue on the bond for the first six months after the completion and final settlement of said contract, at the expiration of which time the laborers and materialmen may sue thereon in the event that no such suit has been begun by the obligee.

Section 5973 provides: "When suit is instituted by any of such persons on a bond, it shall not be commenced until after the complete performance of said contract, and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later; provided that if the contractor quits or abandons the contract before its completion suit may be instituted by any such person on said bond and shall be commenced within one year after such abandonment and not later." Had the section ended here, the right of action would have lapsed at the expiration of one year from the completion or abandonment of the contract; but obviously, for the reason that laborers and materialmen might not know of the completion or abandonment of a contract, the statute proceeds to provide a method by which they may acquire this knowledge. It proceeds as follows: "But said time for the institution of said section [action] shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspaper published in said county, or if there be none then in some newspaper hav-

ing a general circulation therein.'' The right of unpaid laborers and materialmen to sue on the bond arises on the expiration of six months after the completion or abandonment of the contract; and the limitation of time thereon does not begin to run until the obligee publishes a notice that the contract has been completed or abandoned. That such is the statute's meaning was assumed in Oliver Construction Co. v. Crawford, 142 Miss. 490, 107 So. 877, 879, Marquette Cement Mfg. Co. v. Fidelity & Deposit Co., 173 Miss. 164, 158 So. 924, and Dixie Minerals Corp. v. Dixie Asphalt Paving Co., 172 Miss. 218, 159 So. 562.

In the Oliver Construction Company Case suit was filed more than one year after publication of notice of the completion of the contract, because of which the defendant claimed that the suit was barred. The complainant's claim was that this notice was so defective as to be inoperative, and therefore the period of limitation had not begun. In replying to these contentions, the court said: ''The one year's limitation therein prescribed does not run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof.'' The court, however, found it unnecessary to determine whether or not the proof of publication was defective, but turned to and decided the case on another point. In the Marquette Cement Mfg. Co. Case counsel for the bonding company said the construction put upon the statute in the Oliver Construction Co. Case was not necessary for the decision of the case, and therefore was mere dicta which the court should not follow. The court, however, said that whether this announcement of the court was dicta or not, it was correct and would be followed. This holding was followed and approved in Dixie Minerals Corporation Case. It is true that in none of these cases was the point made that the cause of action did not accrue until publication of completion or abandonment of the contract was made; but that the cause of action did accrue, although no such

publication was made, was assumed both by the court and counsel.

The statute imposes an obligation on the obligee in the bond for the benefit of the obligor therein, and of persons furnishing laborers and material to the contractor, to publish a notice of the completion and final settlement of the contract, or of its abandonment; but it does not disclose a legislative intent to leave unpaid laborers and materialmen at the mercy of a recalcitrant obligee in the bond, as my associates, in effect, hold that it does by prohibiting them from availing themselves of their right to sue on the bond unless and until the obligee therein publishes a notice of the completion or abandonment of the contract, which notice he may never publish.