HANCOCK BANK OF GULFPORT *v.*
G. E. BASS & COMPANY, INC., et al.

No. 42690          June 10, 1963          154 So. 2d 278

*White, Buntin & Martin,* Gulfport, for appellant.

*Snow, Covington, Shows & Watts,* Meridian, for appellees.

ARRINGTON, J.

This cause originated in the Circuit Court of Lauderdale County, but was transferred to the chancery court and the Hancock Bank of Gulfport appeals from an adverse decree.

The bill of complaint was filed by Acme Building Supply, a corporation of Meridian, against G. E. Bass & Company, Inc., Jackson, the U. S. F. & G. Company, the Mississippi Regional Housing Authority No. VIII, Gulfport, Southern Tile Shop, Inc., Gulfport, and Hancock Bank, Gulfport, Mississippi. The bill of complaint alleges that on October 30, 1957, Bass & Company entered into a contract with the Housing Authority for the construction of a housing project in Moss Point, Mississippi; that on the same date, the U. S. F. & G. Company, as surety, executed a performance bond; that on January 23, 1958, Bass & Company entered into a contract with Southern Tile as subcontractor to do the

tile work on the project for the sum of $21,048.00, Southern Tile to furnish all labor and materials. Complainant avers that it furnished and sold to Southern Tile, the subcontractor, all materials, tile, cement, etc., which went into the project in the amount of $8,608.45, which had not been paid, and sought judgment for this amount with interest from December 10, 1958, and attorney's fee against Bass, U. S. F. & G. Company, and Southern Tile.

Appellant, Hancock Bank, was made a defendant because it was making claim to funds held by Bass. The Hancock Bank answered and made its answer a cross-bill against Bass, U. S. F. & G. Company, and Southern Tile, alleging that it had advanced funds for the use of Southern Tile, one note in the amount of $960.00 dated January 7, 1959, and another in the amount of $1766.00 dated April 17, 1959; that the notes were secured by assignments by Southern Tile to the bank of funds due it by Bass for estimated work completed, and that it gave Bass due notice of the assignments. The bank prayed for judgment in the amount of $2726.48, plus interest and 15% attorney's fee.

Bass and its surety answered the cross-bill, making the subcontract with Southern Tile an exhibit thereto. The subcontract provided that Southern Tile was to pay for all labor and materials, etc., necessary to execute its subcontract, and that the assignments to the bank were subject to provisions of the subcontract.

The complainant, Acme, made due proof of its claim and final decree was entered for complainant in the amount of $12,626.06, which included interest from December 10, 1958, and attorney's fee. Appellant, Hancock Bank, made due proof of its notes and assignments from Southern Tile against the proceeds of the subcontract from Bass. The notes, assignments, and copy of the subcontract were introduced in evidence. Bass and its surety made proof that the subcontractor, South-

ern Tile, had been paid $15,531.72 on its contract, leaving an unpaid balance of $5,516.28.

Final decree was entered denying the bank the relief prayed for in its cross-bill.

Appellant argues that no debt was due by Southern Tile to Bass at the time of the assignments (January 7, 1959 and April 7, 1959), and that Bass had no notice of the claim of Acme against Southern Tile until June 24, 1959. The evidence shows that Acme delivered the materials, tile, etc., to Southern Tile on November 6 and November 10, 1958. Appellant contends that Southern Tile had completed the work called for under the subcontract with the exception of one item amounting to $60; that Southern Tile had a right to the proceeds upon performance of the work; and its assignments were valid and the right of the appellant to the proceeds became vested upon performance of the work.

We do not agree with this argument. The record shows that Southern Tile had completed the work with the exception of the $60 item, but it had not paid Acme as it was obligated to do under the subcontract. This debt was outstanding at the time the assignments were made, therefore, it had not performed its contract, and the burden to pay this bill then fell on Bass and its surety.

We are of the opinion that this case is controlled by R. B. Tyler Company v. Laurel Equipment Company, 187 Miss. 590, 192 So. 573, wherein the Court said:

"We think the rule must be accepted as well settled under the authorities, that, so far as the assignment itself is concerned, one to whom a contractual right is assigned, takes such right subject to the burden of the provisions of the contract by which, and under which only, the assigned right would accrue to the assignor, or as otherwise sometimes expressed, the assignee is bound by the term of the contract to the same extent

as the assignor. 4 Am. Jur. pp. 234, 235, 311, 312. The assignment of a contractual right confers only the right which the assignor has therein, and no more. 6 C. J. 5, p. 1156. All this is upon the obvious proposition that a party may not transfer to another something which the transferrer does not own or to which he has himself no ultimate right.''

The appellant next argues that the court erred in not allowing appellant to show that the funds advanced by it were used by the subcontractor, Southern Tile, for labor and materials on the job. This was not error. See Oliver Construction Co. v. Crawford, 142 Miss. 490, 107 So. 877.

It follows that the case should be and it is affirmed.

Affirmed.

*Lee, P. J., and Kyle, Ethridge, and Rodgers, JJ.,* concur.