JONES, Justice.
There is no necessity for detailing the facts in this case because each party concedes that there is only one question in.volved. A materialman sought to enforce his claim against the appellant, the bondsman on a private construction contract. Suit was filed more than one year after the completion and final settlement, but no publication of notice thereof had been made.
Appellant contends that under Mississippi Code of 1942 section 376, which is the statute upon which the suit was based, it was not necessary to publish notice since the one-year statute of limitation began running upon completion and final settlement, regardless of publication of notice. Two lower courts (the county court and the circuit court on appeal) decided that publication of notice of completion and final settlement was necessary to begin the running of the statute of limitation, and it is from this holding that this appeal is prosecuted.
Said section 376 reads as follows:
“When suit is instituted by any such person on a bond, it shall not be commenced until after the complete performance of said contract, and final settlement thereof and shall be commenced within one year after the performance and final settlement of said contract and not later; provided that if the contractor quits or abandons the contract before its completion suit may be instituted by any such person including the owner of said bond ,and shall be commenced within one year after such abandonment and not later. But said period for the limitation of the institution of said action shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspaper in said county, or if there be none then in some newspaper having a general circulation therein.”
*491 On public contracts suits on bonds are covered by Mississippi Code of 1942 section 9016, which reads as follows :
“When suit is instituted by any of such persons on a bond, it shall not be commenced until after the complete performance of said contract, and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later; provided that if the contractor quits or abandons the contract before its completion suit may be instituted by any such person on said bond and shall be commenced within one year after such abandonment and not later. But said time for the institution of said section shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspaper published in said county, or if there be none then in some newspaper having a general circulation therein.”
The reading of these statutes discloses practically no difference in the wording thereof, and certainly no difference in the meaning.
In Marquette Cement Mfg. Co. v. Fidelity & Deposit Co., 173 Miss. 164, 158 So. 924 (1934), our Court was considering said section 9016 as it is now numbered in our code and said:
“The question for determination is whether the words ‘published notice thereof’ applies both to the words ‘final settlement’ and ‘determined said abandonment,’ or only to the latter. * * *
“The statute, after definitely fixing two specific dates for the commencement of the one year period of limitation' — -(1) the complete performance of said contract and final settlement thereon, and (2) the abandonment of the contract before its completion — then proceeds with a qualifying clause beginning with the words ‘but said time,’ in which it is provided that ‘the institution of said section (a manifest clerical error and should be action) shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof.’ If the words ‘published notice thereof’ were intended by the Legislature to apply only to the im-' mediately preceding words ‘determined said abandonment,’ the bringing forward into that clause of the section of the words ‘said final settlement’ was wholly without use or purpose, and, as we must presume that the Legislature intended something thereby, this intention could only be to require publication of the final settlement before the limitation prescribed by the statute should begin to run. We must accordingly so hold.” 173 Miss. at 173-174, 158 So. at 925-926.
We think the reasoning of the Court is sound and that it is as applicable to section 376 as to section 9016.
Appellant argues that custom has waived the necessity for publication of notice. We know of no way in which custom can change the law as written. It is also argued that it is against public policy to require publication of notice under private contract. However, the legislature by section 376 has said that public policy requires publication of notice of final settlement.
The case is affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, INZER, and ROBERTSON, JJ., concur.